WIGGINTON, Chief Judge.
Appellants were charged by information in the Criminal Court of Record of Duval County with the offense of robbery. There is competent and substantial evidence, if believed by the jury, to establish that one of the appellants, in company with another defendant, entered the retail store of the victim at 10:45 at night and, upon leveling a sawed-off shotgun and pearl-handled pistol at the owner and others in the store, announced that “This is a holdup.” By holding the victims at bay across the business end of the shotgun and pistol, the cash register was rifled and the wallet of a workman in the store was taken. Everyone was ordered to lie on the floor while appellant Simpson and his co-defendant fled the scene. They were followed to an automobile where they were arrested along with appellant Griffin who was sitting under the steering wheel in the driver’s seat of the car when the robbers reached it.
At the trial only appellant Simpson and his other co-defendant testified for the defense. Simpson denied any complicity in connection with the crime and Griffin did not testify. The other co-defendant was likewise found guilty but has not appealed.
At the conclusion of the evidence appellants requested the court to instruct the jury on the lesser included offense of larceny, it being their theory that such offense is included within the more serious offense of robbery with which they were charged in the information. The trial court refused the requested instruction on the basis of prior decisions of this court which adhered to the principle that if the evidence is susceptible of only the single conclusion that the defendant is guilty, if at all, of the more serious offense with which he is charged in *603 the information, it is unnecessary for the court to instruct the jury on the law relating to lesser included offenses which have no evidentiary support in the record. This principle was based upon the universally accepted proposition of law that instructions to the jury must be based upon the evidence adduced at the trial, and if unsupported by any reasonable view of the evidence which the jury may take, can have no effect other than to create confusion and mislead the jury in its determination of the issue on trial.
Since the trial of the case sub judice the Supreme Court has quashed the decisions heretofore rendered by this court enunciating the foregoing principle of law regarding instructions on lesser included offenses, and by its decision in the case of Hand v. State and Raulerson v. State[1] has held that instructions on lesser included offenses must be given in every criminal case, it being wholly immaterial as to whether such instructions have any evi-dentiary support in the record. The ruling of the Supreme Court quashing this court’s decisions is premised exclusively upon the erroneous assumption that the trial court, in making the determination that there is no evidence in the record to support a charge on lesser included offenses, thereby invades the province of the jury and withdraws from the jury an issue which only it is authorized to resolve. Under this reasoning a tri'al court should never be allowed to direct a verdict or render a summary judgment in favor of either party to any judicial proceeding on the ground there is no evidence to support a verdict for the nonmoving party because in doing so the trial judge would thereby be invading the province of the jury. We fervently hope that by its decision in Hand and Raulerson, supra, the Supreme Court did not intend to inaugurate a new and novel theory of law withdrawing from trial courts the power to direct verdicts or grant summary judgments because the circumstances under which such functions are performed are identical with the function previously performed in determining whether instructions on lesser included offenses in criminal cases should be given.
Regardless of our views in the matter, the decision of the Supreme Court in Hand and Raulerson is now the law of the land and must be conformed with both by • this court and by the trial courts of this state. In compliance with the mandate in those cases, we have no alternative but to hold that the trial court erred in refusing to give the instruction requested by appellants on the lesser included offense of larceny even though there is not a scintilla of evidence in the record which could support a verdict finding defendants guilty of larceny. The judgments of conviction appealed herein are therefore reversed and the cause remanded for a new trial.
CARROLL, DONALD K., and RAWLS, JJ., concur.

. Hand v. State and Raulerson v. State (Fla.1967) 199 So.2d 100.