ON PETITION FOR REHEARING
SPECTOR, Judge.
Appellant has filed a petition for rehearing, pro se, asserting that this court failed to consider the doctrine of collateral estoppel as elucidated by the United States Supreme Court in Ashe v. Swenson, 397 U.S. 436, 90 S.Ct. 1189, 25 L.Ed.2d 469. In Ashe, the court held that where a previous judgment of acquittal was based on a general verdict, the federal rule of collateral estoppel requires the court to examine the record of the prior proceeding, taking into account the pleadings, evidence, charge, and other relevant matter, and to conclude whether a rational jury could have ground *342 ed its verdict upon an issue other than that which the defendant seeks to foreclose from consideration. By its decision in Ashe, the United States Supreme Court amended the Fifth Amendment of the Federal Constitution by engrafting upon the double jeopardy clause the federal procedural rule of collateral estoppel.
In reliance upon the holding in Ashe, appellant states that in July, 1968, he was tried on charges of committing a robbery at the Kozy Korner Sundries Store and was acquitted. Allegedly, the basis for acquittal in the July, 1968, trial was the State’s inability to establish appellant’s identity. Accordingly, appellant argues that if he could not be identified as the person who robbed Patricia Daniels, manager of the Kozy Korner Store, on November 9, 1966, and was acquitted of those charges because of such failure in proof, then the State is collaterally estopped from attempting to prove his identity as being the person who on the same night in question, November 9, 1966, committed a robbery upon one Willie D. Moore at the same time and place. At first blush, the case at bar seems to be on all fours with the circumstances presented in Ashe, and thus the doctrine of collateral estoppel superficially appears appropriate to this case. However, the trial held in July, 1968, on charges of robbing Patricia Daniels was the second trial on those charges. Said second trial resulted from a reversal by this court of appellant’s conviction in 1967 on the same charges of which he was acquitted in July, 1968. Our opinion leading to said reversal is styled Jonathan Griffin and Macio Bernard Simpson v. State, rendered September 26, 1967, and reported at 202 So.2d 602. As can be seen on the face of said opinion, the reversal was based solely and exclusively on the trial court’s failure to instruct the jury on the lesser included offense of larceny as required by Hand v. State and Raulerson v. State, 199 So.2d 100 (Fla.1967). Thus it appears that this constitutes not the second but the third time appellant has been tried on charges arising from the robbery which occurred at the Kozy Korner Store on November 9, 1966. On the first occasion, in 1967, appellant was convicted. We have examined the record in the first appeal and it clearly appears that the appellant’s identity and presence at the store on the night of the robbery was adequately established to the jury’s satisfaction. Indeed, the sufficiency of the evidence to establish Simpson’s identity as the robber was not even raised on the first appeal. The only issue raised was the failure to give the instruction on the lesser included charge; and, of course, the reversal was based only on that issue. So it is then that we have a question of double collateral estoppel in that by application of this doctrine, appellant is estopped from contending without further proof that the State failed to prove the issue of his identity as one of the robbers on the occasion of the second trial inasmuch as on the first trial a jury had found above and beyond a reasonable doubt that appellant was a participant in the robbery.
In view of these circumstances, it hardly seems fair to permit appellant to place any greater réliance on the fact of his acquittal in 1968 than the State can place on the fact of the jury’s guilty verdict in the 1967 trial. Clearly, this case emphasizes the vagaries of jury trials and serves to demonstrate the possible clay feet of the Supreme Court’s decision in Ashe, supra. And, if collateral estoppel is permitted to operate in favor of one litigant, the same virtues should permit the doctrine to operate in favor of the other litigant.
If, as appellant contends, the searching question which led to his acquittal in the July, 1968, trial was the issue of identification, the equities are balanced against his reliance upon the doctrine of collateral estoppel by reason of the jury’s finding that appellant was one of the robbers in the 1967 trial.
Rehearing is denied and our original judgment of affirmance stands.
CARROLL, DONALD K., Acting C. J., and WIGGINTON, J., concur.