■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. RICHARD O'DELL, Appellant.— STALEY, JR., J. Appeal from an order of the County Court of Cortland County, entered July 23, 1969, denying a *coram nobis* petition without a hearing. Appellant and Marjory Williams were ·by indictment charged with manslaughter in the second degree (Penal Law, § 125.15), and criminally negligent homicide (Penal Law, § 125.10). The indictment arose out of an automobile accident on February 2, 1968, which resulted in the death of two other persons. At the time of the accident, appellant was a passenger in his own ·automobile which was being operated by Marjory Williams. Appellant was brought to trial on ·May 7, 1968. The jury acquitted him on the charge of manslaughter in the second egree, but found him guilty on the charge of criminally negligent homicide. Appellant ·filed a notice of appeal from the judgment of conviction on July 16, 1968, ·but the appeal was not prosecuted. Marjory Williams was brought to trial in the month of October, 1968, and was

acquitted by the jury on both counts of the indictment. By petition dated May 26, 1969, and an amendment thereto dated June 19, 1969, appellant applied to the County Court of Cortland County for a writ of error *coram nobis*, whereby he sought to set aside the judgment of conviction and sentence on the ground that if Marjory Williams was not guilty of criminally negligent homicide, he, as the passenger in the automobile, could not possibly be guilty of criminally negligent homicide for permitting her to drive his automobile. The County Court dismissed the petition on the ground that appellant's contention had no merit, reasoning that since under subdivision 2 of section 20.05 of the Penal Law, the acquittal of the codefendant would not have been available to appellant as a defense had he been tried subsequent to the codefendant, it could not now be presented as a basis for setting aside his judgment of conviction. We agree with this conclusion. (Penal Law, §§ 20.00, 20.05, subd. 2; cf. *Plunkett* v. *Heath*, 1 N. Y. S. 2d 778.) The codefendant's acquittal would not establish or prove appellant's innocence of the charge in the indictment. (*People ex rel. Guido* v. *Calkins*, 9 N Y 2d 77; *People* v. *Kief*, 126 N. Y. 661.) Further, the bill of particulars served by the District Attorney specified the alleged criminal conduct on the part of appellant was not only the reckless operation of the automobile, but also that he permitted the automobile to be operated on a public highway knowing that the brakes or steering mechanism of the automobile were defective and in an unsafe condition. Thus, it would not be illogical or inconsistent for a jury to convict appellant and acquit his codefendant. Order affirmed, without costs. Reynolds, J. P., Staley, Jr., Greenblott, Cooke and Sweeney, JJ., concur in memorandum by Staley, Jr., J.