403 U.S. 384 (1971)
SIMPSON
v.
FLORIDA.
No. 1267.
Supreme Court of United States.
Decided June 14, 1971
ON PETITION FOR WRIT OF CERTIORARI TO THE DISTRICT COURT OF APPEAL OF FLORIDA, FIRST DISTRICT.
PER CURIAM.
On November 9, 1966, two armed men entered a store in Jacksonville, Florida, and robbed the manager and a customer. During 1967 petitioner was tried and convicted in the state courts, after a jury trial, of the armed robbery of the manager, but the conviction was reversed on appeal because the trial judge neglected to instruct the jury on the lesser-included offense of larceny. Griffin v. State, 202 So. 2d 602 (Fla. Dist. Ct. App. 1967). In 1968 petitioner was retried on the same charge and acquitted. Subsequently, he was charged with robbing the customer. His motion to quash the information on *385 double jeopardy grounds was overruled and a jury found petitioner guilty of armed robbery. Each of the three jury verdicts here involved was a general one. The trial court imposed a 30-year sentence and petitioner appealed to the District Court of Appeal.
Prior to the adjudication of petitioner's appeal, this Court rendered its decision in Ashe v. Swenson, 397 U. S. 436. We there held that the principle of collateral estoppel, which "bars relitigation between the same parties of issues actually determined at a previous trial," id., at 442, is "embodied in the Fifth Amendment guarantee against double jeopardy," id., at 445, and is fully applicable to the States, by force of the Fourteenth Amendment, in light of Benton v. Maryland, 395 U. S. 784.
The factual situation presented in Ashe remarkably parallels that of the instant case. There three or four men had interrupted a poker game and robbed all six participants. Petitioner had been acquitted by a general jury verdict on a charge of robbing one of the poker players, but was later tried and convicted of robbing a second. He contended that the prohibition against double jeopardy operated as a bar to the second prosecution because the only issue in each trial was the identity of the robbers. We held in Ashe that:
"Where a previous judgment of acquittal was based upon a general verdict . . . [the rule of collateral estoppel] requires a court to `examine the record of a prior proceeding, taking into account the pleadings, evidence, charge, and other relevant matter, and conclude whether a rational jury could have grounded its verdict upon an issue other than that which the defendant seeks to foreclose from consideration.' " Ashe, supra, at 444.
Here, as in Ashe, petitioner contends that his identity as one of the robbers was the sole disputed issue at each of his trials. The District Court of Appeal, however, *386 declined to examine the record of the second trial, but simply held instead, as a matter of law, that while petitioner's acquittal at the second trial entitled him to invoke collateral estoppel, his conviction at the first trial (where the sufficiency of the evidence was not disputed on appeal) gave rise to a "double collateral estoppel in that by application of this doctrine, appellant is estopped from contending without further proof that the State failed to prove the issue of his identity as one of the robbers on . . . the second trial inasmuch as on the first trial a jury had found above and beyond a reasonable doubt that appellant was a participant in the robbery." Simpson v. State, 237 So. 2d 341, 342 (Fla. App. 1970).
The Supreme Court of Florida, by a divided vote, declined review, and petitioner filed a timely petition for a writ of certiorari with this Court. We grant the writ and we vacate the judgment.
The ground upon which the state court resolved petitioner's contention is plainly not tenable. Indeed, in Ashe itself, we specifically noted that "mutuality" was not an ingredient of the collateral estoppel rule imposed by the Fifth and Fourteenth Amendments upon the States. Ashe, supra, at 443. It is clear that Florida could not have retried petitioner a third time on the charge of robbing the store manager simply because it had previously secured a jury verdict of guilty as well as one of acquittal. And, had the second trial never occurred, the prosecutor could not, while trying the case under review, have laid the first jury verdict before the trial judge and demanded an instruction to the jury that, as a matter of law, petitioner was one of the armed robbers in the store that night. It must, therefore, be equally clear that unless the jury verdict in the second trial "could have [been] grounded . . . upon an issue other than that which the defendant seeks to foreclose *387 from consideration" the constitutional guarantee against being twice put in jeopardy for the same offense vitiates petitioner's conviction.
The judgment of the Florida District Court of Appeal is vacated and the case is remanded to that court for further proceedings not inconsistent with this opinion.
It is so ordered.
MR. JUSTICE MARSHALL took no part in the decision of this case.
MR. JUSTICE BRENNAN, with whom MR. JUSTICE DOUGLAS joins.
The robbery of the manager and the robbery of the customer grew out of one criminal episode. I agree with the Court's disposition but, for the reasons stated in my concurring opinion in Ashe v. Swenson, 397 U. S. 436, 448 (1970), I would also hold that on the facts of this case the Double Jeopardy Clause prohibited Florida from prosecuting petitioner for the robbery of the customer.
The CHIEF JUSTICE and MR. JUSTICE BLACKMUN dissent for the reasons given in the dissenting opinion of THE CHIEF JUSTICE in Ashe v. Swenson, 397 U. S. 436, 460.