263 So.2d 177

**Bobby DUKE, alias**

**v.**

**STATE.**

**7 Div. 56.**

Alabama Court of Criminal Appeals.

May 30, 1972.

PER CURIAM.

On authority of Ex parte Duke, 288 Ala. 544, 263 So.2d 176 (1972) the judgment of the circuit court is reversed and one is here rendered discharging the appellant sine die from the indictment of instant concern.

Reversed and rendered.

PRICE, P. J., and CATES, ALMON, TYSON and HARRIS, JJ., concur.

CATES, Judge.

For future reference I note that Simpson v. Florida, 403 U.S. 384, 91 S.Ct. 1801, 29 L.Ed.2d 549 was on appeal April 7, 1970, the day Ashe v. Swenson, 397 U.S. 436, 90 S.Ct. 1189, 25 L.Ed.2d 469, was decided.

In *Duke's* case the appeal was taken December 12, 1969, which automatically transferred (except for a motion for new trial, Code 1940, T. 13, § 119) jurisdiction of the cause to this court.

I am risking cacoethes scribendi because: (1) I don't think Ashe v. Swenson, supra, should be extended beyond the apparent operative date of retrospectivity indicated in Simpson v. Florida, supra; and (2) the new membership of the Supreme Court of the United States may well take up this case to reverse *Simpson*.