**STATE of Iowa, Appellee,**

v.

**Donald F. POSPISHEL, Appellant.**

**No. 55743.**

Supreme Court of Iowa.

May 22, 1974.

John C. Platt, Cedar Rapids, for appellant.

Richard C. Turner, Atty. Gen., Dennis E. Jontz and Robert Jacobson, Asst. Attys. Gen., and Max R. Werling, County Atty., for appellee.

Submitted to MOORE, C. J., and MASON, RAWLINGS, REYNOLDSON and HARRIS, JJ.

RAWLINGS, Justice.

Judge of district court found defendant, Donald F. Pospishel, guilty of driving a vehicle (1) over the central dividing section and (2) in the wrong direction, both on a controlled-access facility, in violation of The Code 1971, Section 321.366. From judgments entered thereon defendant appeals. We affirm.

The issues here presented must be resolved upon an all too meager record, absent any trial court transcript.

It appears defendant was inceptionally charged in justice of the peace court with three separate moving vehicle offenses (the two first above noted, and reckless driving), all stemming from the same alleged December 20, 1970 occurrence.

Apparently Pospishel pled guilty in justice of the peace court to reckless driving, then entered double jeopardy pleas as to the other two charges. Thereupon these two cases were noted as "waived to district court". Subsequently these "waivers" were entertained by the Cedar District Court as original appeals. See The Code 1971, § 762.43, as amended by 1973 Session, Sixty-Fifth General Assembly, Chapter 282, Section 92.

In any event defendant, in district court, reasserted his double jeopardy pleas which were overruled. At the same time Pospishel was adjudged guilty by trial judge of each controlled-access related offense and judgments were accordingly entered.

On appeal therefrom defendant claims reversible error was committed by district court in (1) failing to grant him a trial anew and (2) overruling his former jeopardy pleas.

■ I. The State maintains Pospishel failed to preserve error regarding his assignment to the effect he was erroneously denied a new hearing in district court.

In event defendant was not accorded such trial anew the record reveals no objection or exception thereto was ever voiced below by a bill of exceptions or otherwise. See Code ch. 786, and § 769.13.

Thus error, if any, was not instantly preserved for appellate review. See State v. O'Kelly, 211 N.W.2d 589, 596–597 (Iowa 1973); State v. Graham, 203 N.W.2d 600, 603 (Iowa 1973); State v. Cartee, 202 N. W.2d 93, 97 (Iowa 1972); State v. LaMar, 260 Iowa 957, 966–967, 151 N.W.2d 496 (1967); 4A C.J.S. Appeal & Error § 785; 22 Drake L.Rev. 435, 460–461 (1973).

■ II. The question next posed is whether trial court erred in holding Pospishel's guilty plea to reckless operation of a motor vehicle did not bar subsequent prosecutions of defendant for crossing a median, and driving in the wrong direction on a controlled-access facility.

Defendant here foundations his double jeopardy stand on two premises.

He inceptionally urges we adopt the "same transaction" or "episodic immunity" theory advocated by Justice Brennan, concurring specially in Ashe v. Swenson, 397 U.S. 436, 448–460, 90 S.Ct. 1189, 1197–1202, 25 L.Ed.2d 469 (1970).

But this court dispositively declined the same invitation in State v. O'Kelly, 211 N. W.2d at 593.

III. As best determinable from a reading of defendant's brief he also argues the rule of collateral estoppel would in any event bar the State from prosecuting him on the aforesaid crossing a median and wrong way driving charges. See generally Ashe v. Swenson, 397 U.S. at 445–446, 90 S.Ct. at 1195; 1B Moore's Federal Practice, § 0.418 [2] (2d ed. 1974).

 Collateral estoppel "means simply that when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit." Harris v. Washington, 404 U.S. 55, 56, 92 S.Ct. 183, 184, 30 L.Ed.2d 212 (1971), quoting Ashe v. Swenson, *supra*. See also Turner v. Arkansas, 407 U. S. 366, 368, 92 S.Ct. 2096, 2098, 32 L.Ed.2d 798 (1972); Simpson v. Florida, 403 U.S. 384, 385, 91 S.Ct. 1801, 1802, 29 L.Ed.2d 549 (1971); State v. Young, 211 N.W.2d 352, 354 (Iowa 1973).

In the field of criminal law collateral estoppel is ordinarily urged by an accused who relies upon a prior acquittal. See Annot., 9 A.L.R.3d 203, 225, 242–243. It may also be employed, however, where a former conviction was based upon a fact which necessarily precludes a finding of guilt as to the charge for which defendant was later prosecuted.

It is therefore difficult to understand how, under existing circumstances, application of the foregoing principle could be of aid to defendant.

Pospishel was convicted, not acquitted, of reckless driving. No facts necessary to conviction of the other two offenses, *supra,* were thereby necessarily adjudicated in his favor.

From this flows the conclusion defendant's collateral estoppel approach is singularly inappropriate. Cf. Whitman v. People v. 161 Colo. 117, 420 P.2d 244, 246 (1966).

Defendant's former jeopardy argument is without merit.

Affirmed.