304 So.2d 498 (1974)
James HAMPTON, Appellant,
v.
STATE of Florida, Appellee.
No. 74-126.
District Court of Appeal of Florida, Fourth District.
November 29, 1974.
Rehearing Denied January 8, 1975.
*499 Richard L. Jorandby, Public Defender, Elliot R. Brooks, Asst. Public Defender, and Burton Green, Legal Intern, West Palm Beach, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and C. Marie Bernard, Asst. Atty. Gen., West Palm Beach, for appellee.
OWEN, Chief Judge.
Appealing his conviction of robbery, appellant contends (among other things) that it was error to deny his motion to dismiss based upon a plea of double jeopardy.
On February 25, 1973, three persons robbed Rene Guenette, the clerk of a neighborhood convenience store in Pompano, Florida. While holding Guenette at gun point, the robbers took money from the store's cash register and safe, then took some money and personal property off the person of Guenette, after which he was tied up and left in the back room of the store. About that same time, a customer, Johnnie McKeithen, came into the store, whereupon he was accosted by the robbers, and at gun point robbed of a sum of money, after which he was also placed in the back room of the store. The robbers fled the premises. Shortly thereafter, appellant was apprehended and was identified by eye witnesses as one of the robbers.
An information was filed charging appellant with robbery of Guenette. He was brought to trial on this charge. After the jury was impanelled and the State had presented some of its evidence, the court granted the defendant's motion to dismiss the information because of the State's failure to comply with certain discovery orders. Immediately thereafter, another information was filed against appellant charging him with robbing Johnnie McKeithen. Appellant entered a plea of not guilty and moved to dismiss on the grounds of former jeopardy by reason of dismissal of the charge of having robbed Guenette. The denial of the motion to dismiss on that ground raises the point we discuss.
The constitutional prohibitions against double jeopardy are found in the Fifth Amendment of the Constitution of the United States, and Section 9 of the Declaration of Rights of the Constitution of the State of Florida, each of which provides that no person shall be twice put in jeopardy "for the same offense". It is (or at least ought to be) so clear that the robbery of Guenette is a separate and distinct *500 offense from the robbery of McKeithen as to admit of no disputation. Nonetheless, appellant contends that the two robberies were part of the same transaction and that the Fifth Amendment words "same offense" should be construed as synonymous with "same transaction", a view which we expressly rejected in State v. Conrad, Fla. App. 1971, 243 So.2d 174, and again expressly reject here.
Any confusion on this point arises out of misconstruing and misapplying the principle announced by the United States Supreme Court in the case of Ashe v. Swenson, 397 U.S. 436, 90 S.Ct. 1189, 25 L.Ed.2d 469 (1970). In that case, it was held that the rule of federal law known as "collateral estoppel" is embodied in the Fifth Amendment guarantee against double jeopardy, the term "collateral estoppel" being defined as meaning simply that when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit. Having made such pronouncement, the court proceeded to explain how, where a previous judgment of acquittal has been based upon a general verdict, the court could examine the record of a prior proceeding, taking into account the pleadings, evidence, charge and other relevant matter, and conclude whether a rational jury could have grounded its verdict upon an issue other than that which the defendant seeks to foreclose from consideration. When such a test was applied to the acquittal of Bob Ashe on the charge of having robbed one Knight, the court concluded that the acquittal could only have been grounded upon a finding by the jury that Ashe was not one of the robbers; the issue of identity having been decided favorably to Ashe in the former trial, he should not be required to again litigate such issue on the separate charge of having robbed one Roberts on the same occasion.
The majority opinion in Ashe v. Swenson, supra, is directed solely to establishing that "collateral estoppel" is embodied in the Fifth Amendment guarantee against double jeopardy. It [the majority opinion] does not embrace, endorse or even consider the view that the Fifth Amendment words "same offense" mean or should be construed to be synonymous with "same transaction". In fact, the majority opinion expressly stated that the question "is not whether Missouri could validly charge the petitioner with six separate offenses for the robbery of the six poker players." 397 U.S. 446, 90 S.Ct. 1195. Only the concurring opinion of Mr. Justice Brennan, in which Mr. Justice Douglas and Mr. Justice Marshall joined, advocate the "same transaction" test for double jeopardy, and Chief Justice Burger's erudite critique of the "same transaction" test discloses its illogicality. It is not by mere oversight that the United States Supreme Court has not adopted the "same transaction" test for double jeopardy. The case of Simpson v. Florida, 403 U.S. 384, 91 S.Ct. 1801, 29 L.Ed.2d 549 (1971), involved a factual situation almost identical to that as in the case at bar (except Simpson's acquittal on the charge of robbing the store manager came as a result of a jury verdict rather than by virtue of dismissal of the charge, as in the instant case). If the "same transaction" test had been the proper standard for the measure of double jeopardy, an outright discharge of Simpson would have been mandated. Instead, the case was remanded for a determination of whether the jury verdict of guilty in the second trial "could have [been] grounded ... upon an issue other than that which the defendant seeks to foreclose from consideration". Manifestly, the Supreme Court has simply refused to embrace or endorse the "same transaction" concept as a test for double jeopardy. We do likewise, and its specter ought not continue to haunt us. Appellant has cited to us the cases of State v. Beamon, Fla. 1974, 298 So.2d 376; State v. Croy, Fla. 1974, 289 So.2d 398; and Brewer v. State, Fla. 1972, 264 So.2d 833, but we do not read any of these cases as holding contrary to the view we herein express.
*501 The dismissal of the information charging appellant with robbing one Guenette, after trial had commenced, unquestionably barred, on the basis of double jeopardy, further prosecution for the same offense, i.e., the charge of robbing Guenette. However, it did not ipso facto bar on the basis of double jeopardy prosecution for a separate and distinct offense, i.e., the charge of robbing McKeithen. Since it is manifest that the first trial did not determine favorably to appellant any issue of ultimate fact which was subject to being relitigated in the second trial, there was no "collateral estoppel" involved, and therefore the court correctly denied appellant's motion to dismiss the information charging this separate offense.
We have considered appellant's remaining points and conclude that they do not demonstrate reversible error nor merit discussion. Accordingly, the judgment is affirmed.
Affirmed.
WALDEN, J., and SCHWARTZ, ALAN R., Associate Judge, concur.