E. Leo Milonas, J.
The defendant, along with another person, was arrested on October 22, 1976 and accused of the crimes of attempted robbery in the third degree, attempted grand larceny in the third degree, assault in the second degree and attempted assault in the third degree, in violation of sections 110.00 and 160.05, 110.00 and 155.30, 120.05, and 110.00 and 120.00 of the Penal Law as the result of an *686 incident which occurred on the IND "D” subway line between the 125th and 59th Street stations. At the preliminary hearing, the court dismissed three of the charges, retaining only the one pertaining to assault in the third degree. The other individual, later identified as Harold Martin, was brought before the Family Court under a petition to determine juvenile delinquency. A fact-finding hearing was held and the court found that the charges had not been proven beyond a reasonable doubt.
The defendant now moves to dismiss the information against him. He contends that since the case against Harold Martin was not sustained and the alleged offense with which the defendant is accused occurred on the same date and time, involving the same complaining witness, and since the actions of Martin constitute the basis for the complaint against the defendant, the People are barred from proceeding with the instant prosecution. According to the defendant, the District Attorney is collaterally estopped from relitigating the guilt of Harold Martin in order to convict defendant, notwithstanding section 20.05 of the Penal Law, which provides that: "In any prosecution for an offense in which the criminal liability of the defendant is based upon the conduct of another person pursuant to section 20.00, it is no defense that * * * 2. Such other person has not been prosecuted for or convicted of any offense based upon the conduct in question, or has previously been acquitted thereof, or has legal immunity from prosecution therefor”.
The defendant argues that exemptions from criminal liability, double jeopardy and the Statute of Limitations are not actually defenses. Rather, they present legal impediments to prosecution which are collateral to guilt or innocence and, therefore, section 20.05 is inapplicable to the issue of collateral estoppel. The defendant further asserts that the fact that the parties are not identical here does not defeat his claim, stating that mutuality is not an element of collateral estoppel. In support of this contention, he cites Simpson v Florida (403 US 384), Ashe v Swenson (397 US 436) and B. R. DeWitt, Inc. v Hall (19 NY2d 141).
However, mutuality of estoppel merely means that no party to a legal proceeding should be bound by a prior judgment unless the party seeking the benefit of the former adjudication would have been prejudiced by it if it had gone the other way. (See Foltz v Pullman, 319 A2d 38 [Del]; Keith v Schiefen- *687 Stockham Ins. Agency, 209 Kan 537; Mayhew v Deister, 144 Ind App 111; and Sosebee v Alabama Farm Bur. Mut. Cas. Ins. Co., 56 Ala App 334.) It is not the same thing as the parties to an action having to be identical, which is still very much a requirement of collateral estoppel. (Matter of Mc-Grath v Gold, 36 NY2d 406, People v Lo Cicero, 14 NY2d 374; Simpson v Florida, supra; and Ashe v Swenson, supra.)
It is undisputed that the doctrine of collateral estoppel is applicable to criminal proceedings. (Matter of Levy, 37 NY2d 279; Matter of McGrath v Gold, supra; see, also, Simpson v Florida, supra, and Ashe v Swenson, supra.) In Ashe, the United States Supreme Court held that the Fifth Amendment’s guarantee against double jeopardy is binding upon the States through the Fourteenth Amendment and embodies collateral estoppel, which is defined as meaning (p 443): "that when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit.” (See, also, Simpson v Florida, supra, and Matter of McGrath v Gold, supra.) As the court declared in United States v Musgrave (483 F2d 327, cert den 414 US 1023) a judgment in a criminal case operates as res judicata in a second criminal case only where the parties to both proceedings are identical. An acquittal of one defendant in a prior trial does not preclude subsequent conviction of a second defendant even where the same transaction is involved and the second defendant is charged with aiding and abetting the first. (See, also, People ex rel. Guido v Calkins, 9 NY2d 77; People v O’Dell, 34 AD2d 856; and People v Notrica, 69 Misc 2d 591.) In those instances in which motions to dismiss indictments have been granted on the ground of collateral estoppel, there were multiple prosecutions of a single defendant. (People v Cunningham, 62 Misc 2d 515; People v Cornier, 42 Misc 2d 963.) Clearly, this is not the situation here.
Section 20.05 of the Penal Law simply restates a principle which is otherwise firmly established in law. (See Hechtman, Practice Commentaries, McKinney’s Cons Laws of NY, Book 39, Penal Law, § 20.05, p 55.) The distinction made by the defendant between what is a defense and what is a legal impediment to conviction is immaterial in that, under the present circumstances, there can be no collateral estoppel.
Consequently, the defendant’s motion to dismiss is denied.