LEVY, Judge.
Juan Yancoff was arrested for stealing a bicycle and selling it to a pawn shop on September 16, 1987. Yancoff was charged by Information with third degree grand theft and dealing in stolen property, to which he pled guilty. At that time, the arresting officer suspected Yancoff of stealing over 40 other bicycles that he had previously sold to the same pawn shop. As a result of the police investigation of the additional bikes he sold, Yancoff was subsequently charged by a second Information with six counts of dealing in stolen property, six counts of petit theft, and three counts of burglary. None of the allegations in the second Information involved any victims or bicycles stolen on September 16,1987. The trial court granted Yancoff’s motion to dismiss the second Information on double jeopardy grounds, based on the fact that the second Information arose out of the same criminal investigation which led to the charges contained in the first Information. We reverse.
The double jeopardy prohibition found in the Fifth Amendment of the United States Constitution, and Article I, Section 9 of the Florida Constitution, provides that no person shall be twice put in jeopardy for the “same offense.” The present case involves bikes stolen from different owners on different dates. Different proof would be required as to each Information in order to support a conviction — testimony as to the first Information would not sustain a conviction as to the second Information. Thus, it is obvious that the two Infor-mations charged separate and distinct offenses and, accordingly, that the second prosecution does not constitute double jeopardy. See State v. Cootner, 60 So.2d 734 (Fla.1952) (two Informations charging defendant with burning personal property arising from same incident did not constitute double jeopardy where owners of personal property were different); State v. Anders, 59 So.2d 776 (Fla.1952) (two Infor-mations charging defendant with larceny of one automobile did not constitute double jeopardy where different owners alleged in Informations); McHugh v. State, 160 Fla. 823, 36 So.2d 786 (1948) (two charges of unlawful homicide arising from same incident did not constitute double jeopardy where two different victims were involved), cert. denied, 336 U.S. 918, 69 S.Ct. 640, 93 L.Ed. 1081 (1949); Hampton v. State, 304 So.2d 498 (Fla. 4th DCA 1974) (two Infor-mations charging defendant with robbery arising from same incident did not constitute double jeopardy where two different victims were involved). The mere fact that the second Information arises out of the same criminal investigation, in the absence of a finding that both Informations were based upon the same offense, does not support dismissal on double jeopardy grounds.
Reversed.