The appellant, Christopher Michael Brown, pleaded guilty to, and was convicted of, two counts of unlawful distribution of a controlled substance, marihuana, a violation of § 13A-12-211, Ala. Code 1975. He was sentenced to seven years' imprisonment on each conviction; the sentences were to run concurrently.
The record reveals that on October 22, 1996, the appellant entered a plea of not guilty to the charges of unlawful distribution of marihuana, a Class B felony. (C.R. 10, 21.) On November 12, 1996, the appellant withdrew his plea of not guilty, and pleaded guilty to both counts. (R. 2.) During the guilty plea colloquy, the appellant stated that he had read and understood his rights, that he understood the charges contained in the indictment, and that he understood the minimum and maximum sentence that could be imposed upon conviction for each offense. (R. 2-7.)
The appellant also executed an "Explanation of Rights and Plea of Guilty" form, commonly known as the Ireland form[1], which reflected the nature of the guilty plea and the appellant's understanding of his constitutional rights. (C.R. 11, 22.) The form apprised the appellant of the correct sentencing range for a conviction for a Class B felony, and it further advised him of the state's intent to seek enhancement of the sentences under § 13A-12-250, Ala. Code 1975, because, it said, the drug sales occurred within a three-mile radius of a school. The appellant testified that he had read the form and that he understood the contents. (R. 2-3.) The appellant's counsel informed the trial court that he had reviewed the Ireland form with the appellant and that he had advised the appellant of his constitutional rights and the nature of the charges against him. (R. 7.)
The trial court determined that the guilty plea was knowingly and voluntarily entered. The trial court's order states that the appellant was advised of his rights and the consequences of pleading guilty before his guilty plea was accepted. (C.R. 2, 16.) *Page 1114 
 I.
The appellant now challenges the voluntariness of his plea because, he claims, the trial court failed 1) to adequately explain the nature of the charges; 2) to establish a sufficient factual basis for the guilty plea; and 3) to advise him of the minimum and maximum sentencing range, including the application of any enhancement statutes.
The record indicates that the appellant did not object at any time during the plea proceeding or during the sentencing hearing, and he did not file a motion to withdraw the plea, or a motion for a new trial. Accordingly, we find that the appellant's claims are not preserved for appellate review. SeeLasner v. State, 689 So.2d 1004 (Ala.Cr.App. 1996); Moore v.State, 668 So.2d 100, 102 (Ala.Cr.App. 1995) (establishing a factual basis for a guilty plea is a separate component of the plea process and the failure to do so must be raised in the trial court in order for the issue to be preserved for appellate review); Stinson v. State, 669 So.2d 1010, 1011
(Ala. 1995) (the trial court must be given the first opportunity to rectify any error it may have made concerning sentencing).
Moreover, even if the appellant's assertions had been preserved for appellate review, his claims are without merit because the record reflects that the appellant knowingly and voluntarily signed the Ireland form.
 " 'The record must affirmatively show the colloquy between the court and the defendant wherein the defendant is shown to have a full understanding of what the plea of guilty connotes and its consequences.' Walcott v. State, 48 Ala. App. 754, 263 So.2d 177 (Ala.Cr.App.), 288 Ala. 546, 547, 263 So.2d 178 (Ala. 1972). This colloquy may be supplemented, however, by a validly executed Ireland form if the trial court ascertains, on the record, that the accused has read and understood the rights enumerated in that form. Twyman v. State, 293 Ala. 75, 300 So.2d 124 (1974); Cashin v. State, 428 So.2d 179 (Ala.Cr.App. 1982); McNalley v. State, 468 So.2d 209 (Ala.Cr.App. 1985)."
Humber v. State, 481 So.2d 452, 454 (Ala.Cr.App. 1985) (footnote omitted; emphasis added).
 II.
The attorney general asks this Court to remand this case to the circuit court for the assessment of a penalty pursuant to the "Demand Reduction Assessment Act," codified at § 13A-12-280
et seq., Ala. Code 1975. This act mandates that an additional penalty be assessed against a defendant convicted of the distribution of a controlled substance. The attorney general correctly points out that in sentencing the appellant, the trial court inadvertently failed to impose the penalty. In accordance with Pierson v. State, 677 So.2d 246 (Ala. 1995), the trial court's failure to apply the "Demand Reduction Assessment Act" requires that we remand this cause.
The appellant's convictions are affirmed and the case is remanded to the trial court for the express purpose of imposing a fine pursuant to § 13A-12-281. The trial court shall take the necessary action to see that the circuit clerk makes a due return to this Court at the earliest possible time, and within 42 days of the release of this opinion. The return to remand shall include a transcript of the remand proceedings conducted by the trial court.
REMANDED WITH INSTRUCTIONS.*
All the Judges concur.
[1] See Ireland v. State, 47 Ala. App. 65, 250 So.2d 602
(Ala.Cr.App. 1971).
* Note from the reporter of decisions: On March 6, 1998, on return to remand, the Court of Criminal Appeals affirmed, without opinion. *Page 1115