[No. B144293. Second Dist., Div. Four. Feb. 7, 2001.]

CHARLES DARNELL CHERRY, Petitioner, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent;
THE PEOPLE, Real Party in Interest.

## Counsel

Michael P. Judge, Public Defender, Albert J. Menaster, Baker Ostrin and Alex Ricciardulli, Deputy Public Defenders, for Petitioner.

No appearance for Respondent.

Gil Garcetti and Stephen L. Cooley, District Attorneys, Patrick D. Moran and Brent Riggs, Deputy District Attorneys, for Real Party in Interest.

## OPINION

**CURRY, J.**—In our earlier opinion (*People v. Cherry* (Mar. 7, 2000, B128324) [nonpub. opn.]), this court found the evidence insufficient to support the trial court's finding that Charles Darnell Cherry had suffered a prior serious felony conviction for assault (Pen. Code, § 245, subd. (a)(1))[1] which qualified as a strike under the "Three Strikes" law (§§ 667, subds. (b)-(i), 1170.12, subds. (a)-(d)). We reversed the sentence and remanded the matter with directions to the trial court to conduct a retrial of the nature of that prior allegation[2] and for resentencing and recalculation of presentence custody credits. We affirmed the judgment in all other respects.

[1]All further section references are to the Penal Code.

[2]The information alleged, and the jury found, that Cherry committed the crimes of assault by means of force likely to produce great bodily injury (§ 245, subd. (a)(1); count 1) and arson of an inhabited structure or property (§ 451, subd. (b); count 2). The information further alleged that Cherry had suffered two strikes based on his commission of two prior serious felony convictions, i.e., robbery (§ 211; count 1) and assault (§ 245, subd. (a)(1); count 2), during which offenses he personally used a deadly or dangerous weapon (wooden cane in count 1; wooden cane or starter pistol in count 2). (§ 12022, subd. (b).) The trial court found both priors constituted strikes.

With respect to those priors, we noted that the "judgment dated January 12, 1993, showed that [Cherry] pled guilty to '211 Penal - Second Degree and 245(a)(1) Penal Code and admits 12022.b [*sic*] and 667.5(b) [service of prior prison term] as to counts 1 and 2 respectively,' that is, he pled guilty to personal use of a weapon under section 12022, subdivision (b) for purposes of count 1 only."

We concluded that the evidence presented, i.e., the complaint, information, judgment and abstract of judgment relating to that prior, was insufficient to support a finding that the prior assault conviction arose from Cherry's personal use of a deadly weapon, which personal use was necessary for the alleged assault to be a serious felony within the meaning of the Three Strikes laws. (§§ 667, subd. (d)(1), 1170.12, subd. (b)(1), 1192.7, subd. (c)(23) [formerly (c)(24)].)

We further concluded that although it was "not only possible, but highly likely" that Cherry's guilty plea to the assault charge was based on his personal use of a deadly weapon, i.e., "the wooden cane referenced in count 1," it was also possible, however, that the plea was based "on a confederate's use of the starter pistol also referenced in count two" or the plea was "to assault by means of force likely to produce great bodily injury rather than assault with a deadly weapon."

We pointed out that "[o]n remand, the court can look beyond the plea and the information and complaint to such things as the record of [Cherry's] guilty plea, the evidence at the preliminary hearing, and any other 'record documents reliably reflecting the facts of the offense for which the defendant was convicted.'" We determined that "[i]f on retrial, the prosecution establishes that the prior section '245(a)(1)' guilty plea was for personal use of a deadly weapon, [Cherry] can then be properly sentenced as a third strike offender."

Retrial of the nature of the assault prior was originally set for August 3, 2000. It was subsequently continued to September 19, 2000.

On August 11, 2000, Cherry filed a motion to bar the retrial on the grounds of res judicata, collateral estoppel and law of the case and cited *People v. Mitchell* (2000) 81 Cal.App.4th 132 [96 Cal.Rptr.2d 401], as authority.

On August 17, 2000, he filed a document entitled "Plea of Once in Jeopardy" in which he cited *Apprendi v. New Jersey* (2000) 530 U.S. 466 [120 S.Ct. 2348, 147 L.Ed.2d 435], as authority for his position that retrial was also barred by the principles of double jeopardy.

At the September 1, 2000, hearing, following argument, the court concluded that our Supreme Court in *People v. Monge* (1997) 16 Cal. 4th 826, [66 Cal.Rptr.2d 853, 941, P.2d 1121] certiorari granted in part January 16, 1998, established the bar of double jeopardy was inapposite in this situation and that the United States Supreme Court reached the same conclusion since "*Apprendi* recognizes the exception in *Monge* [*v. California* (1998) 524 U.S. 721 [118 S.Ct. 2246, 141 L.Ed.2d 615]]" to the double jeopardy bar.

The court also rejected Cherry's remaining challenges to retrial, i.e., bar of res judicata, collateral estoppel, and stare decisis. It concluded that *Mitchell* "claims to go through [the relevant] analysis, but its fundamental holding is contrary to the basic principles of res judicata, collateral estoppel, and stare decisis . . . ."

Cherry's attorney argued that in both *Mitchell* and this matter there was a "full and fair opportunity for the prosecutor to present evidence [the] first time around . . . ." The court disagreed and pointed out that in our earlier opinion we had noted that the prosecutor made a request for judicial notice but the trial court never ruled on that request.

Cherry's attorney then argued that pursuant to *Mitchell*, it was incumbent on the court to inquire whether the prosecutor acted with due diligence "in presenting or not presenting evidence the first time around" and that the prosecutor had the burden to show the existence of newly discovered evidence.

The court found his argument unpersuasive and the reasoning of *Mitchell* inconsistent with *Monge* and announced its intent to retry the matter as directed by this court. The court then requested the People, for the purposes of the retrial, obtain a transcript of the plea in the prior assault case. The

court explained that "even if there's evidence in a preliminary hearing one way or the other, the plea could set limitations because in some cases a plea is made and there's a statement on the record . . . that the charge that a defendant is pleading to is not a strike, it's a 245 but it's not going to be treated as a strike."

On September 15, 2000, Cherry filed the present petition for writ of prohibition. In the petition, he renews his arguments that under *Mitchell* retrial is barred by the principles of res judicata and law of the case and that under *Apprendi*, which he urges supersedes the *Monge* decisions, the bar of double jeopardy also precludes retrial.

On October 18, 2000, this court issued an order to show cause why a peremptory writ of mandate should not issue ordering the trial court to vacate its order denying Cherry's motion for dismissal of the strike allegation without retrial on the merits and to enter a new order dismissing that allegation.

On November 3, 2000, the People filed their return and answer. The People argue that *Mitchell* was incorrectly decided and that our Supreme Court's decisions in *People v. Morton* (1953) 41 Cal.2d 536 [261 P.2d 523] and *People v. Monge, supra,* 16 Cal.4th 826 control. The People disagreed that *Monge* was "superseded" by *Apprendi* and pointed out that the United States Supreme Court emphasized " '*Monge*'s distance from the issue at stake in [*Apprendi*]' " and the court expressly excepted "the fact of a prior conviction" from its holding. (Italics omitted.)

In his reply filed November 16, 2000, Cherry renewed his argument that retrial was barred by the principles of double jeopardy pursuant to *Apprendi* and urged this court to follow *Mitchell* regarding the applicability of res judicata and law of the case.

Based on our review of the record and law, we deny the petition and discharge the order to show cause.

■ A prior conviction for assault (§ 245, subd. (a)(1)) qualifies as a strike only if the defendant personally used a "dangerous or deadly weapon" (§ 1192.7, subd. (c)(23)). (See, e.g., *People v. Rodriguez* (1998) 17 Cal.4th 253, 261 [70 Cal.Rptr.2d 334, 949 P.2d 31]; *People v. Cortez* (1999) 73 Cal.App.4th 276, 282-284 [86 Cal.Rptr.2d 234].) Proof of such personal use is necessary, because the defendant could have been convicted on an aider and abettor theory. (*People v. Rodriguez,* at pp. 261-262.)

In our earlier opinion, we found the evidence at the original trial was insufficient to show such personal use and remanded the matter for a new

trial. The issue before us is whether retrial of that strike allegation is barred by the principles of res judicata, law of the case, or double jeopardy.

We conclude that the principles of res judicata, law of the case, and double jeopardy, whether singularly or in combination, do not preclude a new trial on the issue of whether appellant personally used a dangerous or deadly weapon in committing the crime underlying his prior conviction for assault (§§ 245, subd. (a)(1), 1192.7, subd. (c)(23)).

## DISCUSSION

### 1. *Double Jeopardy Not Bar to Retrial of Prior Conviction Allegation*

■ Cherry acknowledges that both our Supreme Court in *People v. Monge, supra,* 16 Cal. 4th 826, and the United States Supreme Court in *Monge v. California, supra,* 524 U.S. 721, rejected the claim that double jeopardy applies to bar retrial of a prior conviction allegation where insufficient evidence was produced at the previous trial. He urges, however, that both *Monge* decisions were "superseded" by *Apprendi.* Contrary to Cherry's claim, *Apprendi* did not "supersede" the *Monge* decisions. As the People correctly point out, *Apprendi* is factually distinguishable and in fact acknowledged the viability of *Monge v. California.*

■ In *Monge,* our Supreme Court concluded that in a "noncapital case, the state and federal prohibitions against double jeopardy do not apply" (*People v. Monge, supra,* 16 Cal. 4th at p. 829) to bar the retrial of the prior serious felony conviction and concomitant strike allegations where the evidence at the original trial was insufficient to show that in committing the underlying offense, the defendant personally inflicted great bodily injury (§ 1192.7, subd. (c)) or personally used a "dangerous or deadly weapon" (§ 1192.7, subd. (c)(23)). (*People v. Monge, supra,* at pp. 829, 843, 845; see also *People v. Hernandez* (1998) 19 Cal.4th 835, 837, 842 [80 Cal.Rptr.2d 754, 968 P.2d 465] [pursuant to *Monge,* double jeopardy bar inapplicable to trial court's reconsideration of whether prior serious felony enhancement applicable].)

Similarly, in *Monge v. California, supra,* 524 U.S. 721, the United States Supreme Court affirmed *Monge* and concluded that the bar of double jeopardy does not apply to noncapital sentencing determinations based on a defendant's prior criminal history, e.g., the truth of a prior serious felony allegation, even if the sentencing proceeding possessed the " 'hallmarks of the trial on guilt or innocence.' " (*Id.* at pp. 731-732, 734 [118 S.Ct. at pp. 2251-2252, 2253].)

In *Apprendi v. New Jersey, supra,* 530 U.S. 466 [120 S.Ct. 2348], the United States Supreme Court specifically distinguished the situation where a sentencing determination hinges on a factual finding arising from the commission of the charged crime and one involving a prior conviction. At issue was a New Jersey hate crime statute which provided for an " 'extended term' of imprisonment if the trial judge finds, by a preponderance of the evidence, that '[t]he defendant in committing the crime acted with a purpose to intimidate an individual or group of individuals because of race, color, gender, handicap, religion, sexual orientation or ethnicity.' N. J. Stat. Ann. § 2C:44-3(e) (West Supp. 1999-2000). The extended term authorized by the hate crime law for second-degree offenses is imprisonment for 'between 10 and 20 years.' § 2C:43-7(a)(3)." (*Apprendi v. New Jersey, supra,* at pp. 468-469 [120 S.Ct. at p. 2351].)

*Apprendi* noted that "[b]y its very terms, this statute mandates an examination of the defendant's state of mind—a concept known well to the criminal law as the defendant's mens rea." (*Apprendi v. New Jersey, supra,* 530 U.S. at p. 492 [120 S.Ct. at p. 2364], italics omitted.) In other words, the pivotal issue required "the factfinder to determine whether the defendant possessed, at the time he committed the subject act, a 'purpose to intimidate' on account of, inter alia, race." (*Ibid.,* italics omitted.) It further noted that "the effect of New Jersey's sentencing 'enhancement' here is unquestionably to turn a second-degree offense into a first degree offense, under the State's own criminal code." (*Id.* at p. 494 [120 S.Ct. at p. 2365].)

It was in this context that *Apprendi* stated: "*Other than the fact of a prior conviction,* any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt. *With that exception,* we endorse the statement of the [following] rule[:] '[I]t is unconstitutional for a legislature to remove from the jury the assessment of facts that increase the prescribed range of penalties to which a criminal defendant is exposed. It is equally clear that such facts must be established by proof beyond a reasonable doubt.' " (*Apprendi v. New Jersey, supra,* 530 U.S. at p. 490 [120 S.Ct. at pp. 2362-2363]; italics added.)

This distinction between sentencing determinations involving factual findings arising from the commission of the current crime and those pertaining to prior convictions was further emphasized in *Apprendi*'s discussion of *Monge v. California, supra,* 524 U.S. 721. *Apprendi* pointed out that *Monge* was a "recidivism case in which the question presented and the bulk of the Court's analysis related to the scope of double jeopardy protections in sentencing." (*Apprendi v. New Jersey, supra,* 530 U.S. at p. 489, fn. 14 [120 S.Ct. at p. 2362.)

*Apprendi* also contrasted its conclusion that the due process clause of the Fourteenth Amendment of the federal Constitution required a sentencing determination of facts regarding the current crime by a jury on the basis of proof beyond a reasonable doubt with the situation in *Monge.* It stated that "[m]ost telling of *Monge's* distance from the issue at stake in this case is that the double jeopardy question in *Monge* arose because the State had failed to satisfy its own statutory burden of proving beyond a reasonable doubt that the defendant had committed a prior offense (and was therefore subject to an enhanced, recidivism-based sentence)." (*Apprendi v. New Jersey, supra,* 530 U.S. at p. 489, fn. 14 [120 S.Ct. at p. 2362].)

Clearly, a plain reading of *Apprendi* refutes Cherry's conclusion that *Apprendi* "superseded" the *Monge* decisions and therefore the bar of double jeopardy precludes retrial of a prior serious felony allegation. We therefore conclude that the *Monge* decisions remain extant and that they govern. Accordingly, retrial of the nature of Cherry's assault prior conviction is not barred by double jeopardy.

Until our Supreme Court decides otherwise, we are bound to follow *Monge,* and therefore, we are not at liberty to find that a retrial in this matter is barred by the principles of double jeopardy. (*Auto Equity Sales, Inc. v. Superior Court* (1962) 57 Cal.2d 450, 455 [20 Cal.Rptr. 321, 369 P.2d 937].)

### 2. *Retrial Not Barred by Law of the Case or Res Judicata*

Cherry, alternatively, contends retrial of the prior serious felony allegation is barred by the principles of law of the case and res judicata pursuant to *People v. Mitchell, supra,* 81 Cal.App.4th 132, review denied (*Mitchell III*). We find no bar.

We conclude Cherry's reliance on *Mitchell III* is misplaced. The court in *People v. Scott* (2000) 85 Cal.App.4th 905 [102 Cal.Rptr.2d 622] concluded that "*Mitchell III* was wrongly decided and . . . decline[d] to follow it." (*People v. Scott, supra,* at p. 909.) We also decline to follow *Mitchell III.*

Initially, as did *People v. Scott, supra,* 85 Cal.App.4th at pages 914-916, 919-921, we find controlling our Supreme Court's decision in *People v. Morton, supra,* 41 Cal.2d 536, which was cited with approval in *People v. Monge, supra,* 16 Cal.4th at page 845. (*Auto Equity Sales v. Superior Court, supra,* 57 Cal.2d at p. 455.) *Morton* remanded the cause for a new trial after finding insufficient evidence to support the true finding on the prior conviction sentencing allegation.

In directing a new trial on the prior allegation, *Morton* concluded, "This procedure is the proper one. It carries out the policy of the statutes

imposing 'more severe punishment, proportionate to their persistence in crime, of those who have proved immune to lesser punishment' . . . and prevents defendants from escaping the penalties imposed by those statutes through technical defects in pleadings or proof. It affords the defendant a fair hearing on the charge, and if it cannot be proved he will not have to suffer the more severe punishment." (*People v. Morton, supra,* 41 Cal.2d at pp. 544-545, citation omitted.)

Additionally, we find a contrary conclusion is not compelled by reason of *Mitchell III. Mitchell III* involved an appeal following a retrial ordered by *Mitchell II.* On retrial, the People failed to offer any evidence in addition to that presented in the original trial in *Mitchell I,* which evidence *Mitchell II* found to be legally insufficient. It was in this context that *Mitchell III* concluded the principles of law of the case and res judicata precluded yet a third trial. (*Mitchell III, supra,* 81 Cal.App.4th at pp. 136-137, 156.)

 This case, however, is not in the same procedural posture as *Mitchell III.* Although this court ordered a retrial in our earlier opinion on Cherry's appeal, no new trial has in fact taken place. Accordingly, we have no occasion to reach the issue of whether *Mitchell III* correctly concluded that the principles of law of the case or res judicata (or both) apply to bar yet another retrial, which were the issues in *Mitchell III.*

On the other hand, we disagree with *Mitchell III*'s conclusion, which was reached without authority applicable to criminal cases, that the burden is on "the People on remand [to] show there was newly discovered evidence which they, in due diligence, could not have presented at the first trial on the truth of the priors[.]" (*Mitchell III, supra,* 81 Cal.App.4th at p. 155.) The law is, in fact, otherwise.

This showing is one which must be met by a criminal defendant in order to justify the granting of a motion for a new trial. (§ 1181, subd. 8 [A new trial may be granted "[w]hen new evidence is discovered material to the *defendant,* and which *he* could not, with reasonable diligence, have discovered and produced at the trial." (Italics added.)].) In contrast, the People are not empowered to move for a new trial in a criminal matter. (Cf. § 1181 ["When a verdict has been rendered or a finding made against the *defendant,* the [trial] court may, upon *his* application, grant a new trial." (Italics added.)].)

Moreover, we conclude that no such showing is mandated where remand for a new trial on a prior allegation is ordered by the reviewing court, which is the case here. As discussed *ante, Morton* clearly established that a new .

trial is the proper procedure where the reviewing court reverses the true finding on the prior allegation for insufficient evidence. (*People v. Morton, supra,* 41 Cal.2d at pp. 544-545.) Additionally, *Scott* correctly points out, pursuant to section 1262, "[a]bsent a contrary direction from the appellate court, a general reversal of a criminal judgment is *deemed* to be an order for a new trial. . . ." (*People v. Scott, supra,* 85 Cal.App.4th at p. 920, italics in original, citation omitted.)

The requisite showing on remand for a new trial on the prior allegation, instead, is set forth in *Monge. Monge* instructs that a "Court of Appeal's determination that the evidence was insufficient to prove defendant's prior conviction was of a serious felony is, at the very least, the law of [the] case" unless "the prosecution . . . present[ed] *additional* evidence at a retrial of the prior conviction allegation in order to obtain a different result." (*People v. Monge, supra,* 16 Cal.4th at p. 845, italics added.) Accordingly, on remand for a new trial on a prior allegation, the burden on the People is simply to present additional evidence, not "newly discovered evidence which they, in due diligence, could not have presented at the first trial on the truth of the priors . . . ." (*Mitchell III, supra,* 81 Cal.App.4th at p. 155.)[3]

## DISPOSITION

The petition is denied, and the order to show cause is discharged.

Vogel (C. S.), P. J., concurred.

**EPSTEIN, J.,** Concurring.—I agree with my colleagues that none of the defenses advanced by petitioner—former jeopardy, law of the case, collateral estoppel, or res judicata—applies to this case. Consequently, there is no bar to retrial of the prior convictions charged for purposes of punishment. I write separately because I arrive at the res judicata portion of this conclusion by a somewhat different route than the majority.

---

[3]As we discussed in our earlier opinion, the People requested "the court to take judicial notice of the prior court file, including the preliminary transcript. The court did not rule on the request at that time because its contents were not something the jury would be concerned with." (Fn. omitted.) We noted that "[t]he court left open the possibility of a favorable ruling on the request for judicial notice of the file at a later time, but no renewed request was formally made or ruled on." (*People v. Cherry, supra,* B128324.)

Ordinarily, the failure to secure a ruling forfeits any claim of error regarding the exclusion of evidence. (See, e.g., *People v. Rowland* (1992) 4 Cal.4th 238, 259 [14 Cal.Rptr.2d 377, 841 P.2d 897]; *People v. McPeters* (1992) 2 Cal.4th 1148, 1179 [9 Cal.Rptr.2d 834, 832 P.2d 146].) This principle, however, does not preclude the People from proffering such omitted evidence in a new trial.

"The granting of a new trial places the parties in the same position as if no trial had been had. All the testimony must be produced anew, and the former verdict or finding cannot be used or referred to, either in evidence or in argument, or be pleaded in bar of any conviction which might have been had under the accusatory pleading." (§ 1180.)

At the outset I acknowledge that there is much in the majority opinion with which I fully agree. By the same token, I fully agree with most of the analysis and conclusions in *People v. Scott* (2000) 85 Cal.App.4th 905 [102 Cal.Rptr.2d 622], on which the majority understandably relies. Thus, there is no basis for operation of the collateral estoppel principle since this litigation involves separate phases of the same case, not a different case. Nor does law of the case play a role, since the only law of *this* case is that the evidence received by the trial court to prove that petitioner suffered a previous serious felony conviction is insufficient for that purpose. Whether sufficient other cognizable evidence exists has not been decided by any court. I also agree that we are precluded from applying the former jeopardy rule to retrial of the prior conviction issue because it has been authoritatively decided that the retrial offends neither the state nor federal former jeopardy provision. (U.S. Const., 14th Amend. and Cal. Const., art. I, § 15; *People v. Monge* (1997) 16 Cal.4th 826, 845 [66 Cal.Rptr.2d 853, 941 P.2d 1121]; *Monge v. California* (1998) 524 U.S. 721 [118 S.Ct. 2246, 141 L.Ed.2d 615]; *Almendarez-Torres v. U.S.* (1998) 523 U.S. 224 [118 S.Ct. 1219, 140 L.Ed.2d 350]; *Jones v. United States* (1999) 526 U.S. 227, 248 [119 S.Ct. 1215, 1226-1227, 143 L.Ed.2d 311]; and *Apprendi v. New Jersey* (2000) 530 U.S. 466 [120 S.Ct. 2348, 147 L.Ed.2d 435].) Petitioner argues that the last-cited of these decisions "supercedes" the others, leaving us free to ignore them. As the majority correctly points out, *Apprendi* does no such thing. The case does express doubt about the correctness of carving out retrial of a recidivist allegation, found true but reversed for insufficiency of evidence, from the general rule announced in that case. That rule is that a defendant is entitled to jury trial and application of the beyond a reasonable doubt standard of proof in the adjudication of sentence factors that may result in punishment beyond the statutory range. But *Apprendi* found it unnecessary to decide the application of the rule it announced to recidivist adjudication. (530 U.S. at pp. 489-490 [120 S. Ct. at p. 2362].) The precedential force of the other decisions remains binding on this court.

That leaves the principal issue, res judicata, which also was the focus of the decision of our sister court in *Scott*. That case provides a detailed discussion of *People v. Mitchell* (2000) 81 Cal.App.4th 132 [96 Cal.Rptr.2d 401], in which Division One of the Fourth District held that res judicata (and related doctrines) bar retrial of the prior conviction issue when an earlier true finding had been reversed for insufficiency of evidence. *Mitchell* is a thorough, scholarly treatment of the legal principles involved, and there is much in its discussion with which I agree. I agree, for example, that the doctrines of res judicata and collateral estoppel apply to criminal trials. (See discussion at 81 Cal.App.4th at p. 143.) I agree, too, that these doctrines ought " 'not to be applied with the hypertechnical and archaic approach of a 19th

century pleading book, but with realism and rationality.' " (*Ashe v. Swenson* (1970) 397 U.S. 436, 444 [90 S.Ct. 1189, 1194, 25 L.Ed.2d 469], quoted in *Lucido v. Superior Court* (1990) 51 Cal.3d 335, 343 [272 Cal.Rptr. 767, 795 P.2d 1223, 2 A.L.R.5th 995], and in *Mitchell* at p. 156.) In that regard, I note that the California courts occasionally have been willing to depart from strict application of the collateral estoppel doctrine when the circumstances were sufficiently compelling. (See *Gutierrez v. Superior Court* (1994) 24 Cal.App.4th 153, 169 [29 Cal.Rptr.2d 376] [departure in favor of defendant] and *Lucido v. Superior Court, supra*, 51 Cal.3d at p. 342 [departure in favor of prosecution].)

The greatest difficulty facing the *Mitchell* court in applying the res judicata and collateral estoppel rules was their requirement that "the previous proceeding resulted in a final judgment on the merits." (*People v. Davis* (1995) 10 Cal.4th 463, 514-515, fn. 10 [41 Cal.Rptr.2d 826, 896 P.2d 119], and *People v. Mitchell, supra*, 81 Cal.App.4th at p. 143.) The court recognized that finality is a cornerstone of the res judicata doctrine (*Mitchell* at p. 155), but held that the circumstances of the case before it presented a situation "akin to an acquittal of an offense." (*Ibid.*)

Those circumstances concerned the failure of the trial court to find the prior conviction allegations "not true" because the evidence to support them was insufficient. If it had, the *Mitchell* court said, that would have been an end to the matter, since the People could not appeal. (*Ibid.*) According to *Mitchell*, that was enough finality to satisfy the doctrine.

But akin to finality is not finality. As *Scott* correctly points out, "the necessary finality cannot exist in the context of successive hearings which take place in the *same* proceeding or action." (*Scott, supra*, 85 Cal.App.4th at p. 918.) That is our case as well.

The *Scott* decision, like the majority opinion in this case, relies to a considerable degree on the decision of our Supreme Court in *People v. Morton* (1953) 41 Cal.2d 536 [261 P.2d 523], and the fact that *Morton* was cited with apparent approval in *People v. Monge, supra*, 16 Cal.4th at page 845. I believe *Morton* is of little value in the resolution of the case before us (or in *Scott*), and that too much is read into its citation in *Monge*. The principal issue in *Morton* was whether a defendant who is successful in gaining reversal of a prior conviction true finding is entitled to retrial of all issues, including the "present charges." The court concluded that he or she is not, disagreeing with Court of Appeal decisions that had held otherwise. The court considered the merits of the several possible dispositions of the issue, each supported by some appellate precedent, and concluded that the best

course was to order a retrial on the prior conviction issue alone. (*People v. Morton, supra*, 41 Cal.2d at p. 544.) The *Monge* court cited *Morton* with the "cf." signal (indicating "compare"), and noted that the case did not discuss former jeopardy. (*People v. Monge, supra*, 16 Cal.4th at p. 845.) Neither did *Morton* discuss res judicata, collateral estoppel or law of the case. Understandably so, since none of those doctrines was before the court.

The real basis of the *Mitchell* decision, as I understand it, is that once the prosecution has had a "full and fair opportunity to marshall its best evidence to meet its burden of proving the prior conviction allegations . . . ," unhampered by trial court error, and fails to carry its burden, it ought not be given a "second bite of the apple." (*Mitchell, supra*, 81 Cal.App.4th at p. 156.) In the end, the assertion is that it is simply unfair to give the prosecution a second chance if it has failed in the first. There is some force to that approach, but I do not believe we are free to follow it here.

Each of the doctrines discussed here is related, and each traces to the same basic roots. (See *Ashe v. Swenson, supra*, 397 U.S. 436, 445 [90 S.Ct. 1189, 1195]; *Simpson v. Florida* (1971) 403 U.S. 384, 385-387 [91 S.Ct. 1801, 1802-1803, 29 L.Ed.2d 549]; *People v. Mitchell, supra*, 81 Cal.App.4th at p. 147.) But the most applicable doctrine is former jeopardy, for the defendant has already been at risk of an enhanced punishment because of the allegation of a serious felony prior conviction, and the general rule is that the double jeopardy rule bars a retrial after reversal for insufficiency of evidence. (*Burks v. United States* (1978) 437 U.S. 1 [98 S.Ct. 2141, 57 L.Ed.2d 1]; see *People v. Pierce* (1979) 24 Cal.3d 199, 209 [155 Cal.Rptr. 657, 595 P.2d 91].) If there is no jeopardy bar to retrial of a prior conviction true finding reversed for insufficiency of evidence—and the law is that there is not—it is an undue stretch of the law to apply other, more general doctrines, to contradict that result. That, I believe, is the effect of *Mitchell*, and the reason I am unable to follow it here.

For these reasons, I agree that the retrial of the prior conviction allegations in this case should go forward, and that the application for writ intervention to prevent it should be denied.

Petitioner's petition for review by the Supreme Court was denied May 2, 2001. Kennard, J., was of the opinion that the petition should be granted.