# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 13-11333

United States Court of Appeals
Fifth Circuit

**FILED**

August 15, 2014

Lyle W. Cayce
Clerk

DANNY EUGENE IVIE,

Plaintiff-Appellant

v.

GREG ABBOTT, Attorney General for the State of Texas; RICK THALER, Corrections Director, Texas; STUART JENKINS, B.P.P. Director, Texas,

Defendants-Appellees

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:13-CV-3157

Before DAVIS, CLEMENT, and COSTA, Circuit Judges.

PER CURIAM:*

Danny Eugene Ivie, Texas prisoner # 1719844, seeks leave to proceed in forma pauperis (IFP) to appeal the district court's dismissal of his 42 U.S.C. § 1983 complaint as time barred. In his complaint, he alleged that the defendants violated his rights to due process and against cruel and unusual punishment by treating him as a sex offender when he was never admonished prior to his guilty plea that he would be required to register as a sex offender.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-11333

After the district court dismissed his complaint, it denied his motion for leave to proceed IFP on appeal, certifying that his appeal was not taken in good faith. *See* 28 U.S.C. § 1915(a)(3).

By moving for leave to proceed IFP, Ivie is challenging the district court's certification that his appeal is not taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997); FED. R. APP. P. 24(a)(5). In his brief supporting his IFP motion, Ivie argues that (1) the district court failed to address the underlying merits of all of his claims; and (2) the limitations period did not begin to run until December 2, 2011, when the State admitted during a state habeas corpus hearing that it had not admonished him prior to his guilty plea that he would be required to register as a sex offender.

Although the statute of limitations applicable in this case is the two-year limitations period used for Texas personal injury claims, *see Stanley v. Foster*, 464 F.3d 565, 568 (5th Cir. 2006), "the accrual date of a § 1983 cause of action is a question of federal law that is *not* resolved by reference to state law," *Wallace v. Kato*, 549 U.S. 384, 388 (2007). Under federal law, a claim generally accrues "the moment the plaintiff becomes aware that he has suffered an injury or has sufficient information to know that he has been injured" and that there is a connection between his injury and the defendant's actions. *Piotrowski v. City of Houston*, 237 F.3d 567, 576 (5th Cir. 2001) (internal quotation marks and citation omitted). "[W]here it is clear from the face of a complaint filed *in forma pauperis* that the claims asserted are barred by the applicable statute of limitations, those claims are properly dismissed" under § 1915. *Gartrell v. Gaylor*, 981 F.2d 254, 256 (5th Cir. 1993).

As found by the district court, the limitations period began when Ivie was released in March 2004 and reportedly began experiencing the negative effects of the sex offender restrictions. Ivie's § 1983 complaint was therefore

untimely and the district court did not err by dismissing it without considering the underlying merits of his claims. *See Gartrell*, 981 F.2d at 256. Because Ivie has not shown that his appeal involves a nonfrivolous issue, we deny his motion to proceed IFP on appeal and dismiss his appeal as frivolous. *See Baugh*, 117 F.3d at 202 & n.24; 5TH CIR. R. 42.2.

This court's dismissal of his appeal as frivolous counts as a strike for purposes of 28 U.S.C. § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 387-88 (5th Cir. 1996). We warn Ivie that if he accumulates at least three strikes under § 1915(g), he may not proceed IFP in any civil action or appeal filed in a court of the United States while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* § 1915(g).

IFP MOTION DENIED; APPEAL DISMISSED; § 1915(g) WARNING ISSUED.