Argued and submitted October 23, conviction affirmed; remanded for resentencing
November 27, 1991

## STATE OF OREGON,
*Respondent,*

*v.*

## KENNETH RAYMOND LEE,
*Appellant.*

(90-0778-C-1; CA A66017)

821 P2d 1100

Stephen J. Williams, Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Sally L. Avera, Public Defender, Salem.

Michael M. Pacheco, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Richardson, Presiding Judge, and Joseph, Chief Judge, and Deits, Judge.

PER CURIAM

## PER CURIAM

Defendant pled guilty to a charge of arson. ORS 164.325. On appeal, he challenges his sentence, which was based on the classification of his federal conviction for a California bank robbery as a "person felony" for purposes of the criminal history scale. OAR 253-04-006. We remand for resentencing.

In 1986, defendant was convicted of violating 18 USC § 2113(a).[1] The sentencing court ruled that, under current Oregon law, the robbery would have constituted robbery in the second degree. ORS 164.405(1)(b). The court made that determination after a hearing in which defendant testified and a presentence investigation report setting out the circumstances of the bank robbery was submitted as evidence. The court held that defendant's testimony was not credible and that the note handed to the teller during the bank robbery suggested the threat of immediate force.

■ ■    It was error to relitigate the facts of defendant's conviction. Classification of an out-of-state conviction is limited to whether the *elements of the offense* would have constituted a felony under current Oregon law. OAR 253-04-011;[2] *State v. Tapp*, 110 Or App 1, 821 P2d 1098 (1991).

The parties did not argue to the sentencing court whether the elements of 18 USC § 2113(a) would constitute a felony under current Oregon law, nor do they on appeal. That determination is for the sentencing court in the first instance. *See State v. Tapp, supra.*

Conviction affirmed; remanded for resentencing.

---

[1] 18 USC § 2113(a) provides, in part:

"Whoever, by force and violence, or by intimidation, takes, or attempts to take, from the person or presence of another, any property or money or any other thing of value belonging to, or in the care, custody, control, management, or possession of, any bank, credit union, or any savings and loan association[,] * * * [s]hall be fined not more than $5,000 or imprisoned not more than twenty years, or both."

[2] The commentary to OAR 253-04-011 makes it clear that "out-of-state" means other than an Oregon conviction. The term includes "federal, tribal court, military and foreign convictions, and convictions from of [sic] other states of the United States." *Oregon Sentencing Guidelines Implementation Manual* 57.