Submitted September 30, 2009, affirmed March 17, 2010

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

TERRANCE WESLEY GIPSON,
*Defendant-Appellant.*

Marion County Circuit Court
05C48318; A131781

227 P3d 836

Peter Gartlan, Chief Defender, and Stephanie Hortsch, Deputy Public Defender, Appellate Division, Office of Public Defense Services, filed the briefs for appellant.

Terrance Wesley Gipson filed the supplemental brief *pro se*.

Hardy Myers, Attorney General, Mary H. Williams, Solicitor General, and Cecil A. Reniche-Smith, Assistant Attorney General, filed the brief for respondent.

Before Wollheim, Presiding Judge, and Brewer, Chief Judge, and Breithaupt, Judge.

WOLLHEIM, P. J.

## WOLLHEIM, P. J.

Defendant appeals a judgment of conviction for first-degree sodomy, ORS 163.405, and second-degree sexual abuse, ORS 163.425. Defendant argues that the trial court improperly categorized his criminal history score and, therefore, exceeded its authority in imposing a 144-month term of incarceration on the first-degree sodomy offense, based on the Oregon Sentencing Guidelines.[1] We review the trial court's sentencing determinations for errors of law, ORS 138.222(4), and affirm.

We begin by discussing the applicable framework provided by the sentencing guidelines grid. The sentencing guidelines grid assigns a presumptive sentence for an offender based on the crime seriousness scale of the crime of conviction and the criminal history of the offender. OAR 213-004-0001(2). If a sentencing court finds substantial and compelling reasons to depart from the presumptive sentence, the court may impose a sentence that is no more than two times the maximum presumptive sentence. OAR 213-008-0001; OAR 213-008-0003(2).

In this case, defendant challenges only the trial court's classification of his criminal history. That classification depends on defendant's prior history of adult convictions and juvenile adjudications. OAR 213-004-0006(2). The criminal history scale contains nine categories: the four most serious categories (A through D) on that scale include offenders who have at least one prior person-felony conviction; the remaining five categories (E through I) include only offenders who do not have any prior person felony convictions. OAR 213-004-0007. "Person felonies" are defined by an exclusive list of offenses specified in OAR 213-003-0001(14); that list includes assault in the fourth degree under ORS 163.160(3), coercion under ORS 163.275(1)(a), and robbery in the third degree under ORS 164.395. The criminal history categories for offenders who have committed a person felony are:

---

[1] Defendant also assigns error to the trial court's denial of his motions to dismiss for lack of speedy trial and, in a supplemental *pro se* brief, raises additional challenges. We reject those assignments of error without discussion.

"A—The offender's criminal history includes three or more person felonies in any combination of adult convictions or juvenile adjudications.

"B—The offender's criminal history includes two person felonies in any combination of adult convictions or juvenile adjudications.

"C—The offender's criminal history includes one adult conviction or juvenile adjudication for a person felony; and one or more adult conviction or juvenile adjudication for a non-person felony.

"D—The offender's criminal history includes one adult conviction or juvenile adjudication for a person felony; but no adult conviction or juvenile adjudications for a non-person felony."

OAR 213-004-0007.

Here, the parties agree that defendant's criminal history includes two prior convictions for person felonies—for felony assault in the fourth degree, ORS 163.160, and coercion, ORS 163.275—based on convictions in 1999. The parties disagree only whether defendant had a person-felony conviction *prior* to 1999. If defendant had a third person-felony conviction, defendant's criminal history is properly classified as category A, but if defendant had only the two prior person-felony convictions, his criminal history is properly classified as category B.

At the sentencing hearing in this case, the state introduced evidence to show that defendant had a prior person-felony conviction at the time of his 1999 sentencing proceeding. That evidence included copies of defendant's 1999 judgments of conviction, the presentence investigation report submitted in his 1999 sentencing proceeding, his 1982 judgment of conviction on a federal bank robbery offense, the indictment on that federal offense, and the state's respondent's brief on defendant's appeal of the 1999 judgments. Although the 1999 presentence investigation report showed that defendant had committed numerous nonperson felonies but no person felonies, the 1999 sentencing court determined, based on the entire record before that court, that defendant's 1982 federal offense was equivalent to a person felony under Oregon law. Accordingly, the 1999 sentencing

court classified defendant's criminal history score in category C and sentenced defendant on that basis for each of his two crimes of conviction. Defendant appealed the sentence imposed by those judgments; he assigned error to the court's classification of his criminal history score and argued that the court improperly determined that his 1982 federal conviction was equivalent to a person felony under Oregon law. We affirmed without opinion. *State v. Gipson*, 177 Or App 732, 36 P3d 998 (2001), *rev den*, 334 Or 190 (2002).

In this case, the sentencing court likewise concluded that defendant's 1982 federal bank robbery conviction was a person felony. Accordingly, the court concluded that defendant had three prior person-felony convictions, classified his criminal history score as category A, found substantial and compelling reasons to support a durational departure sentence, and imposed a sentence that includes a 144-month term of incarceration.

On appeal, defendant argues that the trial court erred in classifying defendant's 1982 federal conviction as a person felony under Oregon law. The state counters that defendant is barred by the doctrine of issue preclusion from raising that challenge because defendant's 1999 judgments conclusively resolved that defendant's 1982 federal conviction was a person felony. Alternatively, the state argues that the trial court was correct on the merits. We agree with the state that issue preclusion bars defendant from challenging an issue that was conclusively resolved by the 1999 judgments, and we affirm on that basis without reaching the state's alternative argument.

The doctrine of issue preclusion bars a party from challenging an issue where the requirements for issue preclusion are satisfied. Those requirements are (1) the issue in the present proceeding must be identical to an issue in a prior proceeding; (2) the issue must have been actually litigated and "essential to a final decision on the merits in the prior proceeding"; (3) "[t]he party sought to be precluded [must have] had a full and fair opportunity to be heard on that issue"; (4) the party precluded must have been a party or in privity with a party to the earlier proceeding; and (5) "[t]he prior proceeding [must have been] the type of proceeding to

which this court will give preclusive effect." *Nelson v. Emerald People's Utility Dist.*, 318 Or 99, 104, 862 P2d 1293 (1993). The determination whether a party is so precluded is an issue of law. *Barackman v. Anderson*, 338 Or 365, 372, 109 P3d 370 (2005). The doctrine applies in criminal cases. *State v. Romanov*, 210 Or App 198, 202, 149 P3d 1224 (2006), *rev den*, 342 Or 633 (2007).[2]

Defendant's sole argument regarding why issue preclusion should not bar him from challenging the issue whether his 1982 federal conviction was for a person felony is based on the second requirement identified in *Nelson*—that the issue disputed here was not actually litigated and essential to a final decision on the merits in the 1999 sentencing proceeding. Defendant concedes that the state has fulfilled its burden on the other four requirements identified in *Nelson*.

■ We conclude that the issue whether defendant's 1982 federal conviction was for a person felony was actually litigated and essential to the sentence imposed by defendant's 1999 judgments. Those 1999 judgments classified defendant's criminal history score as category C. A defendant cannot receive a criminal history score of category C unless the defendant has a prior person-felony conviction. OAR 213-004-0007. The trial court made that classification based on its determination that defendant's 1982 federal bank robbery conviction was equivalent to the Oregon offense of robbery in the third degree and was therefore a person felony under Oregon law. *See* OAR 213-004-0011(1) (out-of-state convictions are used in classifying an offender's criminal history); *State v. Lee*, 110 Or App 42, 43 n 2, 821 P2d 1100 (1991) (federal conviction is an out-of-state conviction for purposes of the rule); *see also State v. Provencio*, 153 Or App 90, 94-95,

---

[2] The central tenet of the issue preclusion doctrine—that the final determination of an issue in an earlier judgment controls subsequent litigation involving that same issue—has been part of the statutory code of this state from its inception. *State of Oregon v. Dewey*, 206 Or 496, 504, 292 P2d 799 (1956). With only slight modifications from the statutory text contained in the Civil Code, chapter VIII, title V, section 726, page 329 (Deady 1845-64), ORS 43.160 provides:

"That only is determined by a former judgment, decree or order which appears upon its face to have been so determined or which was actually and necessarily included therein or necessary thereto."

955 P2d 774 (1998) (setting forth the requisite analysis for determining whether an out-of-state conviction is a person felony under Oregon law). Defendant appealed the 1999 determination of his criminal history, arguing that the court had erroneously determined that his 1982 federal bank robbery conviction was a person felony under Oregon law. We affirmed. Accordingly, the classification of defendant's 1982 federal conviction was actually litigated in the 1999 proceeding.

The trial court's classification of defendant's criminal history was also essential to his 1999 judgment of conviction on the coercion offense. The trial court classified that offense on the crime seriousness scale at level 7. The maximum departure sentence allowable under the Oregon Sentencing Guidelines Grid for a level 7 offense on the crime seriousness scale for an offender with a criminal history score in category C is a 48-month term of incarceration. However, for an offender whose criminal history includes no person felonies, the maximum departure sentence could not exceed a 36-month term of incarceration. The 1999 judgment of conviction on the coercion offense imposed a departure sentence with a 48-month term of incarceration. Consequently, because that 48-month sentence would not have been permissible in the absence of a determination that defendant's 1982 federal bank robbery offense was a person felony, that determination was essential to the 1999 judgment. Accordingly, we conclude that all of the requirements for applying issue preclusion are satisfied in this case and defendant is barred from challenging the determination essential to the 1999 judgments that his 1982 federal conviction was for a person felony. Thus, the trial court in this case correctly determined that defendant had one person-felony conviction prior to the 1999 judgments and a total of three person-felony convictions prior to his sentencing in this case. The trial court properly categorized defendant's criminal history in category A.

■ The trial court classified defendant's sodomy conviction at level 9 on the crime seriousness scale pursuant to OAR 213-017-0003(6).[3] At that level, the Oregon Sentencing

---

[3] A conviction for sodomy, ORS 163.405, is subject to a mandatory minimum term of 100 months' incarceration. ORS 137.700(2)(a)(L).

Guidelines provide a presumptive 66- to 72-month term of incarceration for an offender with a criminal history score in category A. Because the maximum durational departure sentence can include a term of incarceration that is two times the maximum presumptive sentence, OAR 213-008-0003(2), the trial court was authorized to impose the durational departure sentence of a 144-month term of incarceration that it imposed in this case. The trial court did not err.

Affirmed.