Submitted February 5, judgment in A135408 affirmed; order in A138355 reversed and remanded March 24, petition for review denied July 29, 2010 (348 Or 621)

**BRETT JOSEPH CARIVEAU,**
*Petitioner-Appellant,*

*v.*

Guy **HALL,**
Superintendent,
Two Rivers Correctional Institution,
*Defendant-Respondent.*

Umatilla County Circuit Court
CV051564; A135408 (Control), A138355

228 P3d 641

In A135408, appellant filed the brief *pro se*. In A138355, Erin Galli and Chilton & Galli, LLC, filed the opening brief for appellant; appellant filed the supplemental brief *pro se*.

In A135408, Hardy Myers, Attorney General, Mary H. Williams, Solicitor General, and Justice J. Rillera, Assistant Attorney General, filed the brief for respondent; on the supplemental brief were John R. Kroger, Attorney General, Jerome Lidz, Solicitor General, and Justice J. Rillera, Assistant Attorney General. In A138355, John R. Kroger, Attorney General, Jerome Lidz, Solicitor General, and

Justice J. Rillera, Assistant Attorney General, filed the brief for respondent.

Before Haselton, Presiding Judge, and Armstrong, Judge, and Rosenblum, Judge.

HASELTON, P. J.

## HASELTON, P. J.

Petitioner appeals, challenging (1) the trial court's judgment denying post-conviction relief and (2) the court's order denying petitioner's subsequent motion under ORCP 71 B(1) to set aside that judgment.[1] We affirm, without discussion, the judgment denying post-conviction relief, but, for the reasons that follow, we reverse and remand to the trial court to reconsider petitioner's ORCP 71 B(1) motion.[2]

The pertinent circumstances are uncontroverted. On March 27, 2007, the trial court entered its judgment denying post-conviction relief, and petitioner filed a notice of appeal from that judgment on April 18, 2007. On April 26, 2007, petitioner filed his initial motion for relief from judgment under ORCP 71 B, and the trial court entered its order denying that motion on May 15, 2007. Petitioner did not appeal from that order. Finally, on November 28, 2007, petitioner filed his second motion under ORCP 71 B(1)—that is, the motion that is the subject of the second of these associated appeals. On February 11, 2008, the trial court denied that motion, stating, "This case is on appeal to the Oregon Court of Appeals. This court has no jurisdiction in this case." Petitioner appealed from that order on March 5, 2008.

Petitioner asserts that the trial court's February 11, 2008, order was erroneous because the pendency of an appeal from the judgment that is the object of an ORCP 71 B motion does not divest the trial court of jurisdiction to grant relief under ORCP 71 B. Petitioner is correct. ORS 19.270(5)(a) specifies that, "[n]otwithstanding the filing of a notice of appeal, the trial court has jurisdiction * * * [t]o enter an order * * * under ORCP 71." *See also* ORCP 71 B(2) ("A motion under sections A or B may be filed with and decided by the trial court during the time an appeal from a judgment is pending before an appellate court.").[3]

---

[1] Petitioner separately appealed from each of those dispositions. *See generally* ORAP 8.25(3) (addressing procedure for appeal from "an order deciding a motion filed under ORCP 71 A or ORCP 71 B during the pendency of an appeal").

[2] Our analysis and disposition obviates consideration of the matters raised in petitioner's *pro se* supplemental brief pertaining to the denial of his second motion under ORCP 71 B(1).

[3] *Cf.* ORAP 8.25(2) (addressing procedures pertaining to the filing and disposition of a motion for relief from judgment under ORCP 71 during the pendency of

The state does not dispute petitioner's contention that the trial court erred in its determination that it lacked jurisdiction to consider petitioner's second ORCP 71 B(1) motion. However, the state asserts that any error in that regard was harmless because petitioner's appeal from that disposition was somehow untimely. As nearly as we can discern, the state seems to posit that, because petitioner did not timely appeal (and, indeed, never appealed) from the denial of his first ORCP 71 B(1) motion (*i.e.*, the motion petitioner filed on April 26, 2007), his appeal from the order denying his second motion must be untimely (notwithstanding that it was filed within 30 days of that disposition). We do not understand how, or why, that would be so in this case.[4]

Judgment in A135408 affirmed; order in A138355 reversed and remanded.

---

an appeal, including the appellate court's determination of whether to hold appeal in abeyance pending the trial court's disposition of such a motion); ORAP 8.25(3) (addressing procedures for filing a notice of appeal from the trial court's disposition of such a motion while the predicate appeal is still pending).

[4] The state's untimeliness argument aside, we have *sua sponte* considered whether our affirmance of the judgment denying post-conviction relief renders petitioner's challenge to the denial of his second ORCP 71 B(1) motion moot. That is, it is at least abstractly possible that in appeals (as contemplated under ORAP 8.25(3)) that challenge both the predicate judgment and the subsequent denial of ORCP 71 B relief, affirmance of the former could render the latter moot if the grounds asserted in support of the motion for relief from judgment were completely encompassed within the arguments advanced in support of the appeal from the judgment. That is not the case here.