Argued and submitted September 27, 2013, reversed and remanded
August 27, 2014

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

TYLER CLAYTON DAVIS,
*Defendant-Appellant.*

Lane County Circuit Court
201028649; A148652

335 P3d 1266

David O. Ferry, Deputy Public Defender, argued the cause for appellant. With him on the brief was Peter Gartlan, Chief Defender, Office of Public Defense Services.

Jamie Contreras, Assistant Attorney-in-Charge, argued the cause for respondent. On the brief were Ellen F. Rosenblum, Attorney General, Anna M. Joyce, Solicitor General, and Janet A. Klapstein, Senior Assistant Attorney General.

Before Armstrong, Presiding Judge, and Nakamoto, Judge, and Egan, Judge.

NAKAMOTO, J.

## NAKAMOTO, J.

Defendant appeals a judgment convicting him of perjury, ORS 162.065, assigning error to the trial court's instruction to the jury that it was required to accept certain facts as having been proved beyond a reasonable doubt in a prior proceeding. Defendant argues the instruction removed an element of the crime from the jury's consideration and, therefore, violated his state and federal constitutional rights to a jury trial on all elements of the charged crime. We review the trial court's jury instructions for errors of law, *State v. Bistrika*, 262 Or App 385, 406, 324 P3d 584 (2014), and reverse and remand.

The facts are procedural and undisputed. In a prior criminal case, defendant was charged with two counts of manslaughter and one count of driving under the influence of intoxicants (DUII) in connection with a fatal automobile accident in which two of defendant's friends were killed. Defendant denied that he was driving the vehicle at the time of the accident and testified to that effect at his trial. Despite that testimony, the jury found defendant guilty of manslaughter and DUII. Implicit in that verdict was a conclusion that defendant had been driving the vehicle at the time of the accident. *See, e.g.*, ORS 813.010(1) ("A person commits the offense of driving while under the influence of intoxicants if the person *drives a vehicle* ***." (Emphasis added.)). The state then charged defendant with perjury for his allegedly false testimony in the first trial.

At a pretrial hearing for the perjury trial, the state sought a special jury instruction labeled "Matter Determined by Former Judgment." In that instruction, the state sought to have the court instruct the jury that certain facts related to the perjury case had been proved beyond a reasonable doubt in defendant's first trial. The special instruction stated:

"In previous proceedings in this Court, [defendant] was found, beyond a reasonable doubt to have recklessly caused the deaths of [the victims] on September 18, 2010, *** *while [defendant] was driving* under the influence of intoxicants.

"You are instructed to accept these facts as having been proven beyond a reasonable doubt and shall not deviate from these facts when reaching your verdict."

(Emphasis added.)

Defendant objected to the state's requested special instruction, arguing that it was unconstitutional to apply issue preclusion offensively against a criminal defendant especially considering the state's burden of proof in criminal cases. In defense of its proposed instruction, the state argued that the issue preclusion rule, embodied in ORS 43.160,[1] prevents relitigation of issues determined by a prior judgment to preserve and protect the prior judgment. The state explained that the jury in defendant's previous trial had necessarily determined that defendant was the driver in the accident when it found him guilty, and therefore, issue preclusion prevented relitigation of that issue.

The trial court ruled that it would give the state's special instruction and that the state was permitted to tell the jury that they would be receiving that instruction. In making that ruling, the court stated:

"I don't find that the instruction offends the defendant's due process. The defendant had a full opportunity to litigate those issues, was represented by competent counsel and I'm not able to find any decisional law that says defendants can use collateral estoppel but the state can't."

At the close of the trial, the court instructed the jury, in relevant part, as follows:

"In a previous proceeding in this court, [defendant] was found beyond a reasonable doubt to have recklessly caused the death of [the victims] on September 18th[, 2010,] *** *while [defendant] was driving* a motor vehicle under the influence of intoxicants.

"You are instructed to accept these facts as having been proved beyond a reasonable doubt and shall not deviate from these facts when reaching your verdict.

"Oregon law provides that a person commits the crime of perjury if the person makes a false sworn statement in regard to a material issue knowing it to be false.

"In this case, to establish the crime of perjury, the state must prove beyond a reasonable doubt the following six

---

[1] ORS 43.160 provides:

"That only is determined by a former judgment, decree or order which appears upon its face to have been so determined or which was actually and necessarily included therein or necessary thereto."

elements: The act occurred in Lane County, Oregon; the act occurred on or about December 16, 2010; [*defendant*] *made a sworn statement as alleged in the charge that he was not the driver* on September 18th, 2010[,] when [the victims] were killed in a driving under the influence of intoxicant crash; *the statement was false*; [defendant] made the statement with knowledge that it was false; and the statement was made in regard to a material issue."

(Emphasis added.) After deliberating, the jury returned a guilty verdict, and the court entered a judgment of conviction for perjury.

On appeal, defendant argues that the trial court erred in giving the state's special instruction because doing so interfered with his constitutional rights under Article I, section 11, of the Oregon Constitution and the Sixth Amendment to the United States Constitution to have a jury determine every element of the crime beyond a reasonable doubt. Defendant acknowledges that, in Oregon, the doctrine of issue preclusion applies in both civil and criminal cases. However, relying on several federal cases, he argues that constitutional protections prohibit the state's use of issue preclusion to establish an element of a charged crime in a criminal prosecution.

The state's response is two-fold. First, it suggests that defendant failed to preserve that argument for appeal because he did not "present any *particular* constitutional basis for the objection to the instruction he claims to have been erroneous." (Emphasis in original.) Second, the state contends that Oregon courts have upheld the application of issue preclusion against defendants in criminal cases, citing *State v. Gipson*, 234 Or App 316, 320-21, 227 P3d 836, *rev den*, 349 Or 173 (2010), and *State v. Boots*, 315 Or 572, 579, 848 P2d 76 (1993) (*Boots II*), and that the cases upon which defendant relies have been undermined by the United States Supreme Court's opinion in *Oregon v. Guzek*, 546 US 517, 126 S Ct 1226, 163 L Ed 2d 1112 (2006). Accordingly, the state argues, we should reject defendant's assertion that his constitutional jury-trial rights barred the application of issue preclusion and that the issue on appeal should be limited to whether the requirements for issue preclusion were satisfied in this case.

We disagree with both of the state's arguments. We conclude that defendant sufficiently preserved his constitutional argument for appeal, and we further conclude that he is correct that the Oregon constitution prohibits the use of issue preclusion to establish an element of the charged offense in a criminal prosecution. ˈ

We begin by addressing the state's preservation argument. The state argues that, by failing to identify the particular constitutional basis for his argument that the court should not apply issue preclusion in this case, defendant cannot assert his constitutional arguments on appeal.

Generally, we will not review a claim of error that was not raised in the trial court. ORAP 5.45(1) ("No matter claimed as error will be considered on appeal unless the claim of error was preserved in the lower court * * *."); *State v. Wyatt*, 331 Or 335, 341, 15 P3d 22 (2000). The Oregon Supreme Court has explained that the policies behind the preservation rule ensure that the trial court has an opportunity to consider and rule on a contention, which, in turn, allows the trial court to avoid or correct an error. *State v. Walker*, 350 Or 540, 548, 258 P3d 1228 (2011). By requiring that "the positions of the parties are presented clearly to the initial tribunal," the rule also ensures that the opposing parties are not "taken by surprise, misled, or denied opportunities to meet an argument." *Id.* (internal quotation marks omitted). The Supreme Court has counseled that we should look to the purposes of the preservation rule and the practices it serves when determining if a party has "presented clearly" a particular position. *Id.*; *see also Wyatt*, 331 Or at 343 ("[A] party must provide the trial court with an explanation of his or her objection that is specific enough to ensure that the court can identify its alleged error with enough clarity to permit it to consider and correct the error immediately[.]").

We conclude that defendant preserved his claim of error below. Though it is true that defendant did not specifically cite to Article I, section 11, or the Sixth Amendment when opposing the instruction below, he did claim that it was erroneous for the court to allow the instruction based on constitutional concerns regarding the state's burden of proof. Specifically, he stated:

> "Well, I don't think you can apply the issue * * * preclusion statute offensively against the defendant. And I don't believe any authority has been offered by the state for that proposition.

> "And certainly, when you juxtapose it to the state having the burden of proof, it doesn't seem to me that that's constitutionally permissible to use the issue of preclusion or collateral estoppel issue defensively [*sic*] and therefore, I object to that instruction."

That objection and explanation sufficiently put the court and the state on notice that defendant objected to the proposed instruction because it directed the jury to accept that certain facts had been established beyond a reasonable doubt, in contravention of the state's burden of proof and, therefore, his constitutional right to a jury trial, which is inextricably intertwined with the state's burden to establish elements of a crime beyond a reasonable doubt.

We turn to the merits of defendant's argument that his state and federal constitutional rights to a jury trial prohibit the state from using issue preclusion to establish an element of the charged crime in a criminal prosecution. We begin our analysis by reviewing the principles of issue preclusion.

The doctrine of issue preclusion operates to prevent the relitigation of issues that have been fully litigated in a prior proceeding between the same parties.[2] *Nelson v. Emerald People's Utility Dist.*, 318 Or 99, 103, 862 P2d 1293 (1993) ("Issue preclusion arises in a subsequent proceeding when an issue of ultimate fact has been determined by a valid and final determination in a prior proceeding."). Under the doctrine of issue preclusion, "[i]f one tribunal has decided an issue, the decision on that issue may preclude relitigation of the issue in another proceeding if" (1) "[t]he issue in the two proceedings is identical"; (2) "[t]he issue was actually litigated and was essential to a final decision on the merits in the prior proceeding"; (3) "[t]he party sought to be precluded has had a full and fair opportunity

---

[2] Oregon courts have adopted the use of the term "issue preclusion" over its synonym "collateral estoppel." *See Drews v. EBI Companies*, 310 Or 134, 139, 795 P2d 531 (1990). Other courts, however, have retained the term "collateral estoppel."

to be heard on that issue"; (4) "[t]he party sought to be precluded was a party or was in privity with a party to the prior proceeding"; and (5) "[t]he prior proceeding was the type of proceeding to which this court will give preclusive effect." *Id.* at 104.

Though typically thought of as a rule in civil cases, issue preclusion applies in criminal cases as well. *Gipson,* 234 Or App at 321. In the criminal context, the doctrine is most commonly invoked by defendants. In the usual case, a defendant who has been acquitted of a crime invokes issue preclusion to prevent the state from subsequently prosecuting him or her for another crime that has an issue common to the acquitted crime. *See, e.g., State v. George,* 253 Or 458, 455 P2d 609 (1969) (in a case in which two victims were killed by the same bullet and the defendant was acquitted of the murder of one of the victims, the doctrine of issue preclusion prevented the state from trying him for the murder of the other victim); *see also Ashe v. Swenson,* 397 US 436, 445-46, 90 S Ct 1189, 25 L Ed 2d 469 (1970) (recognizing an issue preclusion component to the federal Double Jeopardy Clause and concluding that, when the defendant was acquitted for the robbery of one person based on the state's failure to prove the defendant's identity as one of the robbers, the state was precluded from relitigating that issue in a trial for the robbery of another person during the same incident).[3]

This case, however, deals with a different issue entirely: whether the state can use issue preclusion against a criminal defendant at trial to conclusively establish an element of the charged crime. For that issue, the state relies

---

[3] Although the United States Supreme Court has acknowledged the ability of a criminal defendant to invoke issue preclusion as part of the Double Jeopardy Clause of the federal constitution, the Court has yet to directly decide whether the state can use the doctrine against a defendant in a criminal prosecution. Some courts and commentators have suggested that the Court has implied that its answer to that question would be no. *See Boots II,* 315 at 601 (Unis, J., dissenting) (stating that the Court's decision in *Simpson v. Florida,* 403 US 384, 91 S Ct 1801, 29 L Ed 2d 549 (1971), suggested that the Court was agreeing with Chief Justice Burger's observation in *Ashe* that issue preclusion cannot be used against an accused in a criminal case); *State v. Scarbrough,* 181 SW 3d 650, 655 (2005) (citing cases); *State v. Allen,* 423 Md 208, 227 n 7, 31 A3d 476, 488 n 7 (2011) (stating that, "[a]lthough the Supreme Court has not decided this issue with definitiveness, there are intimations to that effect in *Simpson v. Florida,*" and explaining that commentators "have read *Simpson* as suggesting * * * that collateral estoppel may not be used against a criminal defendant").

on our decision in *Gipson*. Although the state is correct that issue preclusion was used against a defendant in *Gipson*, that case does not help in our analysis of this case because *Gipson* did not involve the constitutional issue presented here.

In *Gipson*, the defendant challenged the trial court's sentencing determination about his criminal history score. 234 Or App at 318. The defendant argued that the trial court had misclassified one of his prior convictions as a "person felony," which, in turn, erroneously increased his criminal history score. *Id.* at 320. In response, the state urged that issue preclusion barred the defendant's challenge because his prior conviction had already been determined to be a person felony in a previous judgment. *Id.* The defendant's only argument against of the use of issue preclusion was his contention that one element of the doctrine had not been satisfied. *Id.* at 321. We disagreed with the defendant and held that all of the issue preclusion elements had been met and that the doctrine applied to bar his challenge on appeal to the sentencing determination. *Id.* at 322.

Thus, *Gipson* demonstrates that we have applied issue preclusion against a criminal defendant, but in a far different context from this case: We barred the defendant's challenge to his criminal history score for purposes of a sentence *on appeal*, not to the determination of his guilt in a criminal trial. Moreover, the state's invocation of issue preclusion in *Gipson* concerned a criminal history score—a determination that is made by the court, not a jury. *See* OAR 213-004-0013(1) ("The offender's criminal history shall be admitted in open court by the offender or determined by a preponderance of the evidence at the sentencing hearing by the sentencing judge."). Here, the state used issue preclusion, in a criminal prosecution, to establish an element of a crime—a determination that, absent a waiver by the defendant, is reserved for the jury.

The state also cites to *Boots II*, a case before the Oregon Supreme Court for a second time, arguing that the court in that case rejected the contention that issue preclusion cannot apply against a criminal defendant. The state's reliance on *Boots II*, however, is also misplaced, because the

majority opinion in *Boots II* did not address whether issue preclusion could be used against the defendant.

The defendant in that case was initially convicted of aggravated murder. In his first appeal, although the Supreme Court was satisfied that the jury had found the defendant guilty of murder, it reversed his aggravated-murder conviction based on instructional error concerning the aggravating factor. *State v. Boots*, 308 Or 371, 373, 780 P2d 725 (1989) (*Boots I*). The court stated that, "[o]n remand, the state may choose whether to reduce the defendant's conviction and sentence to murder under ORS 163.115 or to retry the charge of aggravated murder." *Id.* at 381.

On remand, the trial court ordered a limited retrial on the aggravating factor alone, and the jury found defendant guilty of aggravated murder. *Boots II*, 315 Or at 575. The defendant appealed again, arguing, among other things, that the limited retrial violated his right to a jury trial. *Id.* at 578. In *Boots II*, the Supreme Court disagreed, explaining that prior cases demonstrated the court's power "expressly to limit issues to be considered on remand in a criminal case in which a lesser-included offense was proved without error at trial" and holding that, if "all elements of a lesser-included offense have been fully and fairly alleged and proved, an appellate court may order a retrial limited to the element establishing the greater offense." *Id.* at 577. The Supreme Court concluded that the limited retrial did not violate the defendant's right to a jury trial because the jury in the defendant's first trial had properly found him guilty of the lesser-included offense of murder. *Id.* at 579. Because the jury in his second trial found him guilty of aggravated murder, it explained that his "right to trial by jury on all elements of the offenses of which he has been convicted has not been violated." *Id.*

The only mention of issue preclusion in the opinion was in the sharp dissent by Justice Unis, who posited that the majority's holding ignored the inapplicability of issue preclusion against an accused in a criminal case. 315 Or at 603 (Unis, J., dissenting). The state thus reads *Boots II* as implicitly supporting the application of issue preclusion in that case, even though the majority focused on the scope

of remand. However, the state's reading of *Boots II* cannot extend as far as the state presumes because (1) that case involved a retrial on the aggravated element of the greater offense and (2) the holding in *Boots II* was limited to that particular circumstance. Here, we are dealing with two distinct criminal cases (not one case involving lesser-included and greater offenses) and two separate criminal prosecutions in which defendant had a constitutional right to a jury trial.

Despite its efforts to draw authority from *Gipson* and *Boots II*, the state has failed to identify, and we were unable to find, any Oregon precedent that squarely addresses the issue in this case. Because no Oregon case has similarly considered whether the application of issue preclusion against a defendant in the guilt phase of a criminal trial violates the defendant's right to a jury trial, we look to decisions from other courts for guidance. A survey of those cases demonstrates that the majority of courts to consider this issue have concluded that a defendant's constitutional right to a jury trial prohibits such use of issue preclusion against an accused in a criminal prosecution.

For instance, in *State v. Ingenito*, 87 NJ 204, 432 A2d 912 (1981), the New Jersey Supreme Court held that using issue preclusion against a defendant in a criminal trial violates the defendant's state and federal constitutional rights to trial by jury. In reaching its conclusion, the court noted that the right to trial by jury is "one of the most cherished rights in the long history of our Anglo-American jurisprudence," and has existed "since at least the Magna Charta." *Id.* at 210, 432 A2d at 915. It then noted that "[m]any strands are interwoven to make up the composite guarantee which constitutes the right to trial by jury in a criminal case," including the responsibility of the jury to decide the facts of a case, to find the truth, and to decide the ultimate guilt or innocence of a defendant. *Id.* at 211-12, 432 A2d at 915-16. The application of issue preclusion, it explained, interferes with those duties because,

"[i]f an essential element of a case is presented as concluded or settled, effectively withholding from the jury crucial underlying facts, the jury's capacity to discharge fully

its paramount deliberative and decisional responsibilities is irretrievably compromised."

*Id.* at 213, 432 A2d at 916. The court also based its holding on the fact that using issue preclusion against a defendant conflicts with the presumption of innocence, which it construed as being intertwined with the right to a trial by jury. *Id.* at 214, 432 A2d at 917. The court concluded that

> "collateral estoppel, applied affirmatively against a defendant in a criminal prosecution, violates the right to trial by jury in that not only does it seriously hobble the jury in its quest for truth by removing significant facts from the deliberative process, but it constitutes a strong, perhaps irresistible, gravitational pull towards a guilty verdict, which is utterly inconsistent with the requirement that a jury remain free and untrammeled in its deliberations. * * *
>
> "These considerations lead us to conclude that the right to a jury in a criminal trial ordinarily includes the right to have the same trier of fact decide all of the elements of the charged offense. Unless the same jury is permitted to deliberate meaningfully upon all of the issues that are crucial to a verdict of guilt or innocence of the particular crime charged, a defendant will not have secured the jury right contemplated by the Constitution. Collateral estoppel against a defendant in the context of the criminal trial is inconsistent with this proposition."

*Id.* at 216-17, 432 A2d at 918.

The Third Circuit reached a similar conclusion in *United States v. Pelullo,* 14 F3d 881 (3d Cir 1994). After considering the analysis of the New Jersey court in *Ingenito* and examining the text, context, and history of the Sixth Amendment, the court concluded:

> "The right to a jury trial applies in every and all criminal prosecutions. We hold that such a right to a jury trial necessitates that every jury empaneled for a prosecution considers evidence of guilt afresh and without the judicial direction attending collateral estoppel. As the New Jersey Supreme Court articulated, applying collateral estoppel against the defendant in a criminal case interferes with the power of the jury to determine every element of the crime, impinging upon the accused's right to a jury trial. Such an application is constitutionally invalid."

*Pelullo*, 14 F3d at 896 (citations omitted). *See also State v. Scarbrough*, 181 SW3d 650, 658-59 (Tenn 2005) (holding that a defendant's right to a jury trial under the state constitution prohibits use of issue preclusion to establish an essential element of a charge in a criminal case); *State v. Allen*, 423 Md 208, 226, 31 A3d 476, 488 (2011) (agreeing with other courts that "the offensive use of collateral estoppel against the defendant deprives the defendant of a jury that will discharge fully its paramount deliberative and decisional responsibilities" (internal quotation marks omitted)).[4]

The cases to the contrary are few and far between. *See Hernandez-Uribe v. United States*, 515 F2d 20, 22 (8th Cir 1975) (holding that the trial court correctly applied issue preclusion against the criminal defendant in an unlawful reentry case when the defendant in a previous case had pleaded guilty to unlawful reentry and admitted in the plea that he was an alien); *People v. Ford*, 65 Cal 2d 41, 50-51, 416 P2d 132, 138 (1966) (holding that "the doctrine of res judicata justifies instructions, where relevant, that a defendant has been found guilty of crimes finally adjudicated which are charged as elements in another charge or charges then in the process of being retried"). However, like other courts to consider them, we do not find *Hernandez-Uribe* and *Ford* persuasive because they do not engage in an analysis of the constitutional issues presented by this case.[5]

---

[4] Other cases reach the same result, but rely on different rationales for restricting the use of issue preclusion in criminal prosecutions. *See, e.g., United States v. Smith-Baltiher*, 424 F3d 913, 920 (9th Cir 2005) (concluding that issue preclusion did not provide a basis for precluding the defendant from contesting elements of the charged offense due to the government's concession that it may not use collateral estoppel to establish, as a matter of law, an element of an offense or to conclusively rebut a defense on which the state bears the burden of proof beyond a reasonable doubt); *United States v. Gallardo-Mendez*, 150 F3d 1240, 1243-46 (10th Cir 1998) (declining to decide issue preclusion issue on Sixth Amendment grounds, instead concluding that giving guilty pleas issue-preclusive effect is contrary to the Due Process Clause); *United States v. Harnage*, 976 F2d 633, 635-36 (11th Cir 1992) (rejecting application of issue preclusion against a defendant in a criminal prosecution because application of that doctrine in a criminal case would defeat the doctrine's goal of judicial efficiency and economy).

[5] In fact, *Hernandez-Uribe* relied on the reasoning of a Ninth Circuit case, *Pena-Cabanillas v. United States*, 394 F2d 785 (9th Cir 1968), in which the Ninth Circuit held that the government could invoke issue preclusion against a defendant to establish his alien status due to judicial efficiency and deterrence

The state argues that the collective validity of the cases on which defendant relies, and that we cite above, has been "seriously undermined" by the United States Supreme Court decision in *Guzek*, 546 US 517. That case, however, has no bearing on the issue in the case presently before us. In *Guzek*, the Court was asked to consider whether the Eighth and Fourteenth Amendments to the United States Constitution permitted a state to limit the innocence-related evidence that a defendant can introduce at *a sentencing proceeding* to the evidence that the defendant introduced at trial. There, the defendant had been convicted of capital murder and was sentenced to death. *Guzek*, 546 US at 519. The Oregon Supreme Court affirmed his conviction, but remanded for resentencing a total of three times. *Id.* at 520. The Oregon Supreme Court, in an effort to avoid further errors in the fourth sentencing proceeding, addressed the admissibility of evidence that the defendant sought to introduce at the sentencing proceeding. *Id.* The defendant sought to introduce new alibi evidence to demonstrate that he did not commit the crime of which he was convicted. *Id.* at 523. The Oregon Supreme Court concluded that the Eighth and Fourteenth Amendments provided the defendant with a right to introduce that new alibi evidence at his sentencing.

The United States Supreme Court reversed, concluding that the constitution did not prohibit exclusion of the new alibi evidence at sentencing. *Guzek*, 546 US at 523. One circumstance that the Court considered in reaching that conclusion was the fact that the evidence sought to be introduced—alibi evidence tending to prove that the defendant did not commit the crime—attacked an issue (the defendant's guilt) that had been previously litigated and that was, in principle, not at issue in the sentencing proceeding.

concerns: "[I]f the issue of alienage were being tried each time after a defendant makes an entry into the United States, after once having been found by judicial determination to be an alien, there would be less to deter future entries than at present." *Hernandez-Uribe*, 515 F2d at 21 (internal quotation marks omitted). The Ninth Circuit, however, has since abandoned that approach and has accepted the government's concession that issue preclusion cannot be used against a defendant in a criminal case to establish an element that it has the burden to prove beyond a reasonable doubt. *See United States v. Arnett*, 353 F3d 765, 766 (9th Cir 2003); *accord Smith-Baltiher*, 424 F3d at 920.

*Id.* at 526. The Court explained that "[t]he law typically discourages collateral attacks of this kind." *Id.*

*Guzek* does not speak to the issue in this case. In *Guzek*, the Court considered whether a prior determination that the defendant had committed the offense can limit the defendant's presentation of evidence to the contrary in a *sentencing proceeding*. Here, the question is whether the state may use the determination of an issue in a prior criminal case to preclude the defendant from challenging that issue in a subsequent *criminal prosecution*. That difference matters because of a defendant's robust constitutional right to a jury trial that applies when the state seeks a conviction in a criminal prosecution.

Both Article I, section 11, and the Sixth Amendment guarantee a person's right to a trial by a jury in a criminal prosecution.[6] *State v. Villareall*, 57 Or App 292, 294-95, 644 P2d 614 (1982); *see also* ORS 136.001(1) ("The defendant *** in all criminal prosecutions [has] the right to public trial by an impartial jury."). Implicit in both the state and federal right to a jury trial is the right to have a jury find all the elements of the charged offense beyond a reasonable doubt. *City of Eugene v. Smyth (A141624)*, 239 Or App 175, 184, 243 P3d 854 (2010), *rev den*, 350 Or 230 (2011) ("A defendant has a constitutional right to a jury trial, and that right includes the right to have a jury find all the elements of the charged offense beyond a reasonable doubt."); *Blakely v. Washington*, 542 US 296, 313, 124 S Ct 2531, 159 L Ed 2d 403 (2004) (under the Sixth Amendment, "every defendant has the *right* to insist that the prosecutor prove to a jury all facts legally essential to the punishment" (emphasis in original)); *see also* ORS 136.030 ("An issue of law shall be tried by the judge of the court and an issue of fact by a jury ***."). Defendant makes both state and federal constitutional arguments. However, because we resolve his appeal on state constitutional grounds, we need not consider his arguments

---

[6] Article I, section 11, provides, in relevant part, that, "[i]n all criminal prosecutions, the accused shall have the right to public trial by an impartial jury ***." Similarly, the Sixth Amendment provides that, "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury ***." The parties do not argue that a different analysis applies for the Oregon and federal jury trial right.

under the federal constitution. *See State v. Cookman*, 324 Or 19, 25, 920 P2d 1086 (1996) (stating principle that we consider state constitutional claims before federal constitutional claims).

Using the doctrine of issue preclusion to conclusively establish facts necessary for a conviction in a criminal prosecution impermissibly interferes with a defendant's constitutional right under Article I, section 11, to have a jury find every element of the charged offense beyond a reasonable doubt. An instruction to the jury that certain facts have been established beyond a reasonable doubt in a prior proceeding prevents the jury from finding all elements of the charged offense. Such an instruction violates the defendant's constitutional right to a jury trial because it "seriously hobble[s] the jury in its quest for truth by removing significant facts from the deliberative process." *Ingenito*, 87 NJ at 216, 432 A2d at 918; *see also State v. Simson*, 308 Or 102, 109-10, 775 P2d 837 (1989) (concluding that an accomplice-as-a-matter-of-law instruction was erroneous because, "[b]y instructing the jury that the witnesses were accomplices in the crime as a matter of law, the trial court effectively instructed the jury that the crime was in fact committed. This deprived defendant of his right to a jury trial on all elements of the charge").

In this case, the state charged defendant with perjury, which requires proof that the defendant made a false sworn statement about a material issue, knowing it to be false. ORS 162.065. The state alleged that defendant committed perjury when he testified in his prior trial that he was not driving at the time of the accident. Whether that testimony was false, *i.e.*, whether defendant was, in fact, driving at the time of the accident, is an element of the offense, the existence of which defendant had a constitutional right to have determined by the jury. The state, however, was allowed, via its special instruction, to use issue preclusion to conclusively establish that element. In its closing argument, the state explained to the jury:

> "[W]e don't get to retry that now. Both sides have had full and fair opportunity to litigate whether or not the defendant

was the driver. And the jury made the determination, they did their work just like you. And so we must accept the fact that the defendant is the driver when we evaluate this case."

Because the state's issue preclusion instruction removed an element from the jury's consideration in violation of defendant's right to a jury trial under Article I, section 11, of the Oregon Constitution, the trial court erred in giving the state's instruction.

Reversed and remanded.