Argued and submitted May 7, 2014, affirmed February 11, petition for review denied June 18, 2015 (357 Or 415)

## STEEL CAPITAL STEEL, LLC,
*Plaintiff-Respondent,*

*v.*

## Patricia L. WILLIAMS,
*Defendant-Appellant.*

Multnomah County Circuit Court
120019216E; A152566

344 P3d 95

Geordie Duckler argued the cause and filed the brief for appellant.

C. Thomas Davis argued the cause for respondent. With him on the brief were Paul Galm, Brett Callahan, and Davis Galm Law Firm.

Before Duncan, Presiding Judge, and Hadlock, Judge, and Lagesen, Judge.*

HADLOCK, J.

---

* Hadlock, J., *vice* Wollheim, S. J.

**HADLOCK, J.**

This action for forcible entry and detainer (FED) was initiated by TD Service Company (TD Service), which sought to evict defendant from premises that she continued to occupy after her interest in the property was foreclosed and the property was sold. After defendant objected that TD Service was not the real party in interest, TD Service moved to amend the complaint by substituting Steel Capital Steel, LLC, as the plaintiff. The trial court granted that motion and, after trial, entered judgment for plaintiff. Defendant appeals. For the reasons that follow, we affirm.

The facts pertinent to our resolution of the case are mainly procedural and, except as noted below, are undisputed. We describe the proceedings in some detail because the nature of defendant's arguments, as they evolved over time, is important to our resolution of the appeal.

Defendant apparently has occupied the residence at issue for several years. In early 2012, defendant's interest in the property was foreclosed; Steel Capital Steel asserts that it purchased the property at the trustee's sale. In August 2012, TD Service filed a residential eviction complaint against defendant and all other persons occupying the property. Defendant filed an answer in which she asserted that TD Service was "not the real party in interest and [could not] show any legally cognizable interest in the property sufficient to prove ownership of the property."[1]

A trial was held on August 30, 2012. The trial judge observed at the start of trial that she had met with the parties' attorneys in chambers, where they had given her "a helpful clarification of the nature of the dispute." The judge characterized the focus of the dispute, as explained by the parties, as "whether or not plaintiff is the real party in interest in this foreclosure matter, and has a right to bring this action seeking to take possession of the premises from the defendant, Ms. Williams." Neither lawyer objected to that characterization of the issue.

---

[1] In her answer, defendant also asserted that the complaint failed to allege ultimate facts sufficient to state a claim for relief, but she did not pursue that defense further.

In its opening statement, TD Service described itself as "the manager for the current owner of the property, Steel Capital Steel, LLC." With respect to the "real party in interest" question, TD Service asserted that it was "very common * * * that the property managers, themselves, have or bring such actions" and stated that it had a witness who would testify that TD Service had "the authority of the deeded owner to bring this action."

In her opening statement, defendant acknowledged that she was not challenging the foreclosure itself, as "that time has passed." Defendant did not dispute that TD Service managed the real property for Steel Capital Steel, but argued that the relationship between the two entities did not give TD Service a legal interest in the property that was sufficient to make it the real party in interest. Defendant acknowledged that her "sole challenge" to the eviction was her argument, under ORCP 26 A, that TD Service was not the real party in interest; she sought dismissal of the FED action on that basis.

Plaintiff's only witness was Brandon Thornburg, an agent of Steel Capital Steel, which, he testified, owns the property at issue in this case. Thornburg testified that Steel Capital Steel is not "a physical entity in this area," so it hires TD Service to provide "local services" for it, "including trustee services for foreclosure, including eviction services as well." Steel Capital Steel hired TD Service to handle the foreclosure and file the FED action in this case.

Because defendant had questioned whether TD Service was the real party in interest, TD Service moved, "if the Court felt it necessary, to amend the caption to reflect ownership of the property with Steel Capital Steel, with TD Service Company as its agent." TD Service later clarified that it was asking to "either simply substitute Steel Capital Steel for TD Service Company, or * * * TD Service Company as agent for Steel Capital Steel, either way." The court did not immediately rule on the motion. Instead, it discussed the part of ORCP 26 A that provides that an action will not be dismissed "on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time has been allowed after objection for ratification of

commencement of the action by * * * the real party in inter-
est."[2] The court asked defendant to address "whether or not
we didn't just have a ratification for purposes of the rule."

Defendant objected to the motion to amend on the
ground "that this could have been done earlier," with avoid-
ance of time and expense. Defendant expressed hope that
"she not have to pay that price" associated with making
the "real party in interest" challenge just "to learn at trial
that, in fact, there was this correction that could have solved
everything earlier."[3] Defendant acknowledged that, if the
court allowed the substitution under ORCP 26 A, she would
not "have much of a real party in interest argument."

The court determined, for two reasons, that it did
not need to rule on whether TD Service Company was a
real party in interest. First, the court noted, "there's * * *
been a ratification" by Steel Capital Steel. Second, the court
explained, it was granting the motion to amend "to substi-
tute as the plaintiff Steel Capital Steel, LLC."

The court and parties then discussed how the trial
would proceed. Defendant asserted that she would examine
Thornburg to determine whether, in fact, Steel Capital Steel
was "in existence as the holder of the mortgage." Defendant
asserted that she "might have some indication that [Steel
Capital Steel's] interest has been assigned away or trans-
ferred." In other words, defendant explained that she was
seeking to establish whether Steel Capital Steel *itself* was
the real party in interest. Defendant then cross-examined
Thornburg on that point. He testified about how Steel
Capital Steel had acquired the note on the property; he
also alluded to Steel Capital Steel's subsequent purchase of
the property at the foreclosure sale. He asserted that Steel

---

[2] ORCP 26 A provides, in part:

"Every action shall be prosecuted in the name of the real party in inter-
est. * * * No action shall be dismissed on the ground that it is not prosecuted
in the name of the real party in interest until a reasonable time has been
allowed after objection for ratification of commencement of the action by, or
joinder or substitution of, the real party in interest; and such ratification,
joinder, or substitution shall have the same effect as if the action had been
commenced in the name of the real party in interest."

[3] After defendant made that plea, plaintiff offered to "waive the cost bill in
return for a judgment of restitution." Defendant declined that offer.

Capital Steel had "never released its interest" in the property after it acquired that interest.

The parties then presented their closing arguments. Plaintiff (at that point, Steel Capital Steel) asserted that it owned the property and that defendant was on the premises without legal authority to be there. It asked the court to issue a judgment of restitution.

Defendant responded, candidly, that she had "little argument to make." She acknowledged that she no longer had "a motion to dismiss" because the plaintiff had "met its essential elements." She asked "that some reasonable time be given in terms of the restitution order, if one is granted, both in terms of the expense and the costs and the actual logistics of the occupant being able to leave the premises." In that regard, defendant "kind of put herself on the mercy of the Court."

The court then announced that its judgment was "against the defendant, Ms. Williams, and for plaintiff for restitution of the premises, plus costs and disbursements." The court noted on the written judgment that Steel Capital Steel had been "substituted as plaintiff on motion at trial" and the court amended the caption accordingly. The general judgment favoring plaintiff was entered on August 31, 2012.

On September 14, 2012, defendant moved for relief from judgment under ORCP 71 B "based on surprise at trial and the receipt of new evidence subsequent to trial." With respect to "surprise," defendant complained that the substitution of Steel Capital Steel as plaintiff had caused "unfair and prejudicial surprise to defendant," who "was then entirely unprepared to be able to put on any evidence" opposing the contention that Steel Capital Steel owned the property. Defendant asserted that, promptly after the trial ended, she had engaged an investigator who subsequently discovered that Steel Capital Steel was a "suspect company" that "likely had no legal interest in the real property." Defendant sought relief from judgment so she could offer the investigator's testimony in support of her argument that Steel Capital Steel was not the real party in interest.

On October 1, 2012, while her ORCP 71 B motion was pending, defendant filed a notice of appeal attaching the general judgment but mistakenly identifying the plaintiff as TD Service. Defendant filed an amended notice of appeal on October 22, 2012, in which she corrected the caption by identifying Steel Capital Steel, LLC, as the plaintiff. The amended notice of appeal, like the first, stated that defendant was appealing the general judgment entered on August 31.

According to an entry in the Oregon Judicial Information Network (OJIN) report for this case, the trial court denied defendant's motion for relief from judgment by order dated November 5, 2012. Defendant did not file a new or amended notice of appeal after the trial court entered that order.

In her brief on appeal, defendant raises a single assignment of error in which she appears to challenge two rulings that she claims the trial court made. First, she asserts that the court erred "by denying defendant's motion to dismiss on the grounds of plaintiff not being the real party in interest and instead granting plaintiff's speaking motion to amend its complaint in the middle of trial to switch its identity completely from 'TD Service Company' to 'Steel Capital Steel.'" In association with that argument, defendant contends that the trial court erred "by allowing the new plaintiff to proceed with the trial, yet not allowing defendant any opportunity to then engage in any reasonable discovery as to the new party." We address those contentions in turn.

Defendant's "real party in interest" argument is governed by ORCP 26 A, which provides that "[e]very action shall be prosecuted in the name of the real party in interest." That rule also provides, however, that dismissal does not automatically follow when a defendant points out that the action has been initiated by the wrong party:

"No action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time has been allowed after objection for ratification of commencement of the action by, or joinder or substitution of, the real party in interest; and such ratification,

joinder, or substitution shall have the same effect as if the action had been commenced in the name of the real party in interest."

ORCP 26 A.

We begin by observing that defendant's argument that the court erred by denying her ORCP 26 A dismissal motion depends entirely on her contention that the court erred by granting the motion to amend the complaint to name Steel Capital Steel, instead of TD Service, as the plaintiff. She does not separately argue that, once the court substituted Steel Capital Steel as the plaintiff, the action *still* was subject to dismissal because it was not prosecuted in the name of the real party in interest.

The next question, then, is whether the trial court erred by granting the motion to substitute Steel Capital Steel as the plaintiff. Defendant offers no argument in support of that contention. Nor could she, as ORCP 26 A expressly contemplates that trial courts must, after a "real party in interest" objection has been raised, allow "a reasonable time" for the real party in interest to be substituted.

We turn to the second argument embodied within defendant's assignment of error: that the trial court erred by allowing the trial to go forward once Steel Capital Steel had been substituted as the plaintiff "yet not allowing defendant any opportunity to then engage in any reasonable discovery as to the new party." That argument, which is the focus of defendant's brief on appeal, fails because it is not preserved for our consideration. The trial transcript reflects no request by defendant that she be allowed an additional opportunity to conduct discovery about Steel Capital Steel beyond the opportunity she had before the trial commenced. Nor does the record reflect any suggestion by defendant that the trial court would err if it proceeded with the trial without first giving her time to conduct that discovery. Rather, defendant's only request for "time" was in association with the restitution of the residential premises; she requested that she be given "some reasonable time," if the court granted restitution to plaintiff, "both in terms of the expense and the costs and the actual logistics of * * * being able to leave the premises." That request for a reasonable amount of time

to vacate the premises cannot be equated with a midtrial request for an additional opportunity to conduct discovery. Because the record does not reflect that defendant asked the trial court for an additional opportunity to conduct discovery into Steel Capital Steel, her contention that the court erred in not giving her time to conduct such discovery is unpreserved, and we reject the argument without further discussion. *See State v. Davis*, 265 Or App 179, 183, 335 P3d 1266 (2014) ("[T]he policies behind the preservation rule ensure that the trial court has an opportunity to consider and rule on a contention, which, in turn, allows the trial court to avoid or correct an error.").

Finally, defendant argues that the trial court erred by denying defendant's ORCP 71 B motion for relief from judgment (although she does not actually assign error to that ruling). We cannot consider the merits of that argument. Defendant's initial and amended notices of appeal both appealed only the general judgment. Thus, those notices of appeal gave us jurisdiction over only that judgment and authority to "review the trial court's intermediate orders affecting that judgment." *State v. Fowler*, 350 Or 133, 138, 252 P3d 302 (2011); *see id.* at 137 (ORS 19.250 includes a jurisdictional requirement that "the notice of appeal * * * specify the judgment from which the appeal is taken").

The trial court's order denying defendant's ORCP 71 B motion was not such an "intermediate order" affecting the general judgment. Rather, it was entered *after* the general judgment was entered and *after* defendant filed both her initial and amended notices of appeal. Because a notice of appeal from a general judgment gives us jurisdiction over only that judgment, we cannot review a post-judgment ruling that the trial court made after a notice of appeal from the general judgment was filed (at least, not absent further action by the appellant to invoke our jurisdiction).[4] *See generally Lovelace v. Morrow*, 186 Or App 719, 722 n 1, 64 P3d 1201, *rev den*, 336 Or 192 (2003) (because the party who properly had appealed an amended judgment did not file an

_____

[4] A trial court retains only limited jurisdiction once a notice of appeal has been filed. One action the trial court still may take at that point is "[d]eciding a motion for relief from judgment under ORCP 71 B." ORS 19.270(1)(e).

amended notice of appeal after the trial court entered a *second* amended judgment, that second amended judgment was "not before" the Court of Appeals). Rather, to challenge an order "that is made in the action after a general judgment is entered and that affects a substantial right" of a party, that party must appeal the post-judgment order "in the same manner as * * * judgments." ORS 19.205(3). Thus, we would have had authority to review the trial court's order denying defendant's ORCP 71 B motion only if defendant had timely appealed that post-judgment order. *See Cariveau v. Hall*, 234 Or App 403, 405-06, 228 P3d 641, *rev den*, 348 Or 621 (2010) (observing that Court of Appeals could review the trial court's order denying the appellant's ORCP 71 B(1) motion, given that petitioner had timely appealed from that order). But defendant did not file a new or amended notice of appeal after that post-judgment order was entered. Accordingly, we do not address her contention that the court erred when it denied her ORCP 71 B motion for relief from judgment.

Affirmed.