No. 493          July 10, 2024          781

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

BERNELL ANTHONY TORREGANO,
*Defendant-Appellant.*

Multnomah County Circuit Court
20CR01910; A179442

Eric L. Dahlin, Judge.

Argued and submitted February 26, 2024.

Marc D. Brown, Deputy Public Defender, argued the cause for appellant. On the brief were Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and John Evans, Deputy Public Defender, Office of Public Defense Services.

Kate Morrow, Assistant Attorney General, argued the cause for respondent. On the brief were Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Peenesh Shah, Assistant Attorney General.

Before Ortega, Presiding Judge, Powers, Judge, and Hellman, Judge.

HELLMAN, J.

Affirmed.

**HELLMAN, J.**

Defendant appeals from a judgment of conviction, challenging his conviction and sentence for coercion constituting domestic violence, ORS 163.275(1)(a).[1] Defendant was charged with numerous crimes after an altercation between defendant and the victim, N, in their residence. In two assignments of error, defendant challenges the trial court's denial of his motion for judgment of acquittal and its decision to place his conviction in crime category 7 on the sentencing guidelines grid. We affirm.

*Motion for judgment of acquittal.* In his first assignment of error, defendant argues that the trial court erred when it denied his motion for judgment of acquittal because the state failed to prove two of the elements of coercion, ORS 163.275.

> "We review the denial of a motion for judgment of acquittal to determine whether, viewing the facts and all reasonable inferences that may be drawn therefrom in the light most favorable to the state, a rational trier of fact could have found the essential elements of the crime proved beyond a reasonable doubt."

*State v. Powe*, 314 Or App 726, 728-29, 497 P3d 793 (2021).

To prove that defendant had coerced N under ORS 163.275, the state was required to establish that (1) defendant "intentionally compelled or induced the victim to abstain from" leaving; (2) N had a right to leave; and (3) defendant made N "afraid that if she did not comply, physical injury would result." *See State v. Hendricks*, 273 Or App 1, 17, 359 P3d 294 (2015), *rev den*, 358 Or 794 (2016) (explaining the elements of coercion). Here, defendant challenges the first and third elements and contends that the state failed to prove that "defendant successfully induced or compelled [N] to comply with a demand not to leave" and that "defendant demanded that [N] not leave * * * under threat of injury." In response, the state argues that defendant's challenge to the

---

[1] Defendant was also convicted of harassment, ORS 166.065(3), second-degree criminal mischief, ORS 165.354, and interference with making a report, ORS 165.572.

third element is unpreserved. We do not need to decide the preservation question, because even if defendant preserved that argument, the record contained sufficient evidence on both elements to support defendant's conviction.

Here, N testified that she and defendant were in a relationship, that he knew that she was pregnant, and that the altercation began when defendant wanted to use N's vehicle. According to N, she refused but defendant "wasn't going to take no for an answer." He became "very aggressive" and "combative" and yelled at her. Defendant then picked up N's dog, drop-kicked it out of the residence, and locked the door. Defendant also blocked N from retrieving her shoes and used both hands to push her away from the door and onto the couch, causing pain in her upper body.

N then called 9-1-1. N testified that defendant "grabbed [the phone] straight from [her] hand, *** immediately smashed it onto the fireplace," and struck her across the face. N explained that the call remained connected, that she could hear a dispatcher speaking, and that defendant threw the phone outside. The jury heard a recording of the 9-1-1 call, which included the following exchange.

"[N]:   Oh, my God. Help me. Let me out. *** Let me out!

"[Defendant]:   Give me my keys.

"[N]:   No. Let me out. Let me out of here!

"[Defendant]:   Give me my mother-fucking keys.

"[N]:   No. Help me, please.

"[Defendant]:   Who you calling, motherfucker?"

N further testified that as she attempted to leave again, defendant tried to pull her back and closed the door on her arm.

From those facts, a reasonable factfinder could find the elements of coercion. Specifically, N's testimony allowed a factfinder to determine that defendant intentionally compelled N to remain inside when she wanted to leave and that N called 9-1-1 instead of trying to leave again because defendant's actions—drop-kicking the dog, locking the door, and

repeatedly shoving her while yelling aggressively—caused her to fear that he would physically injure her if she did not comply. Accordingly, the trial court did not err in denying defendant's motion for judgment of acquittal.

*Sentencing category.* In his second assignment of error, defendant argues that he could not be sentenced under crime seriousness category 7 because the jury did not find the applicable subcategory facts to permit the court to impose an elevated sentence.

"We review the trial court's sentencing determinations for errors of law[.]" *State v. Gipson*, 234 Or App 316, 318, 227 P3d 836, *rev den*, 349 Or 173 (2010). Here, defendant argues that the state needed to plead, and the jury needed to specifically find, that he "threatened to cause physical injury" to N before the trial court could categorize his coercion conviction at crime category 7. That is so, defendant argues, because crime category 7 represents a sentencing enhancement. We disagree with defendant's argument.

Defendant was charged with coercion and the indictment tracked the language of ORS 163.275(1)(a).[2] The applicable administrative rule requires a court to rank a conviction under that statutory subsection at category 7 "if the offender threated to cause physical injury." OAR 213-018-0035 ("Coercion *shall* be ranked at Crime Category 7 if the offender threatened to cause physical injury (ORS 163.275(1)(a) or (b))." (Emphasis added.) Contrary to defendant's argument, "threatened to cause physical injury" is not a separate enhancement fact that the state had to plead in the indictment and prove to the jury. That phrase characterizes a defendant's conduct that is covered by ORS 163.275(1)(a). Here, the indictment charged defendant using the statutory text from ORS 163.275(1)(a) and the jury

---

[2] ORS 163.275(1)(a) provides:

"A person commits the crime of coercion when the person compels or induces another person to engage in conduct from which the other person has a legal right to abstain, or to abstain from engaging in conduct in which the other person has a legal right to engage, by means of instilling in the other person a fear that, if the other person refrains from the conduct compelled or induced or engages in conduct contrary to the compulsion or inducement, the actor or another will:

"(a)  Unlawfully cause physical injury to some person[.]"

convicted defendant of that charge. The trial court thus correctly ranked defendant's coercion conviction at category 7.

Affirmed.